784 F.2d 554
 12 Soc.Sec.Rep.Ser. 326, Medicare&Medicaid Gu 35,308
HOPEWELL NURSING HOME, INC., a South Carolina Corporation,
and William P. Betchman, an Individual, on behalf
of themselves and all other entities and
persons similarly situated, Appellants,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
United States Department of Health; James B. Cardwell,
Commissioner of Social Security, United States Department of
Health; Frank J. Groschelle, Regional Director, United
States Department of Health; and James W. Murray, Regional
Commissioner, Social Security Administration, United States
Department of Health, Education and Welfare, Region IV, Appellees.
 No. 83-1848.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 5, 1984.
Decided Feb. 21, 1986.
 
 Eugene Tillman (Thomas C. Fox, Joel M. Hamme, Anne W. Weisman, Pierson, Ball & Dowd, Washington, D.C., Harry S. Dent, Harry S. Dent & Associates, Columbia, S.C., on brief), for appellants.
 Amy Yourman, Dept. of Health and Human Services, Office of the General Counsel, New York City (Juan A. Del Real, General Counsel, Ann T. Hunsaker, Asst. General Counsel, Washington, D.C., on brief), for appellees.
 Before WIDENER, MURNAGHAN and ERVIN, Circuit Judges.
 ERVIN, Circuit Judge:
 
 
 1
 Plaintiffs, Hopewell Nursing Home, Inc. and William P. Betchman, on behalf of themselves and other persons and entities similarly situated,[1] appeal from the district court's dismissal of their claims challenging the survey methods used by the Secretary of the Department of Health and Human Services to determine the ranges of compensation under the provider reimbursement program of the Medicare Act, 42 U.S.C. Sec. 1395 et seq. (1982). Based on our decision in Hopewell Nursing Home, Inc. v. Schweiker, 666 F.2d 34 (4th Cir.1981) ("Hopewell I"), the district court found on remand that it lacked subject matter jurisdiction over plaintiffs' claims. Because we believe that the plaintiffs have not fully exhausted all available administrative remedies, we affirm the judgment of the district court.
 
 I.
 
 2
 Under the Medicare Act, the providers of covered services (i.e. hospitals that treat Medicare patients) are compensated in an amount equal to the lower of the provider's customary rate for the services rendered or the "reasonable cost" of those services. 42 U.S.C. Sec. 1395b (1982). In return for agreeing not to bill eligible patients for covered services, the provider is reimbursed for the costs these patients incur either directly by the Social Security Administration or by a fiscal intermediary such as a private insurance company. The fiscal intermediary acts as the statutory agent of the Secretary in reviewing claims for reimbursement and in administering payment to providers. Id.
 
 
 3
 Although no specific statutory mechanism existed before June 30, 1973, to review Medicare provider reimbursement claims, the Secretary had established by regulation a provider appeal procedure that was administered through fiscal intermediaries. The subject matter jurisdiction of the intermediary hearing officer was, however, limited insofar as he could not consider " 'the reasonableness of the ranges of owners' compensation established by the [Bureau of Health Insurance]" nor in any way entertain "a dispute as to the constitutionality of laws, regulations or SSA instructions and rulings." Hopewell I, 666 F.2d at 36 (quoting Medicare Intermediary Manual, HIM-13 (Part 2) Sec. 2614.7, reprinted in [1980] 2 Medicare & Medical Guide p 13,510 at 5463-64).
 
 
 4
 To provide for both administrative and judicial review of provider claims, Congress created the Provider Reimbursement Review Board ("PRRB") to review claims for cost reporting years after June 30, 1973. The conditions for review by the PRRB are set out in 42 U.S.C. Sec. 1395oo, as follows:
 
 
 5
 Sec. 1395oo. Provider Reimbursement Review Board
 
 
 6
 (a) Establishment
 
 
 7
 Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... if--
 
 
 8
 (1) such provider--
 
 
 9
 (A) is dissatisfied with a final determination of the organization serving as its fiscal intermediary ... as to the amount of total program reimbursement due the provider ... for the period covered by such report.
 
 
 10
 ....
 
 
 11
 (2) the amount in controversy is $10,000 or more, and
 
 
 12
 (3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination.
 
 
 13
 (b) Appeals by groups
 
 
 14
 The provisions of subsection (a) of this section shall apply to any group of providers of services if each provider of services in such group would, upon the filing of an appeal (but without regard to the $10,000 limitation), be entitled to such a hearing, but only if the matters in controversy involve a common question of fact or interpretation of law or regulations and the amount in controversy is, in the aggregate, $50,000 or more.
 
 
 15
 After a final decision by the PRRB and reversal, affirmance, or modification of that decision by the Secretary, providers may obtain judicial review of the PRRB's final decision by filing an action in federal district court. Id. Sec. 1395oo(f)(1). While the PRRB's subject matter jurisdiction is more expansive than that given the intermediary hearing officers, its jurisdiction does not extend to any dispute involving the constitutionality of the law, regulations, or SSA instructions or rulings. Medicare and Medical Guide, supra at p 7514.25.
 
 
 16
 Believing that the fiscal intermediaries in Region IV of the Department of Health and Human Services ("HHS")[2] had not followed the proper procedures to determine owner-administrator compensation ranges, plaintiffs filed this class action in September, 1975. Their complaint alleged that the ranges for certain years were invalid because (1) they were not established in accordance with the Secretary's instructions; (2) they were arbitrary and capricious; (3) they had not been promulgated in the manner prescribed under the Administrative Procedure Act, 5 U.S.C. Sec. 551 et seq. (1982); (4) they denied owner-administrators due process and equal protection of the laws; and (5) finally, plaintiffs asserted that defendants' destruction of the background data for the 1971 ranges violated the Federal Records Act of 1950, 44 U.S.C. Sec. 3101 et seq. (1982). Plaintiffs sought declaratory and injunctive relief as well as damages.
 
 
 17
 Before bringing this suit in district court, the plaintiffs did not pursue any of their administrative remedies. As a consequence, the Secretary moved to dismiss their claims for lack of subject matter jurisdiction. After denying this motion, Judge Chapman granted plaintiffs' motion for summary judgment. He held that the 1971 and 1974 ranges were invalid and that all reimbursements which were calculated based on those ranges had to be recomputed. The Secretary appealed to this court and we reversed, holding that the district court lacked subject matter jurisdiction because plaintiffs had failed to exhaust their administrative remedies. On remand, the parties stipulated that the plaintiffs had no administrative remedies available to them insofar as their claims did not satisfy the PRRB's jurisdictional amount requirement of $10,000 under Sec. 1395oo(a). This time around, however, Judge Perry concluded that substantive review by the PRRB was an absolute jurisdictional prerequisite, and that this requirement could not be avoided, even if it left plaintiffs without any means of obtaining judicial review. Consequently, he dismissed plaintiffs' claims for lack of subject matter jurisdiction.
 
 
 18
 On appeal, plaintiffs first argue that the district court had jurisdiction over their claims under 42 U.S.C. Sec. 405(g) because they have exhausted their administrative remedies. Second, plaintiffs contend that mandamus jurisdiction may be exercised over their cases pursuant to 28 U.S.C. Sec. 1361 (1982).
 
 II.
 
 19
 We held in Hopewell I that plaintiffs must exhaust all administrative remedies prior to seeking judicial review of their claims. Hopewell I, 666 F.2d at 42. Recently, the Supreme Court in Heckler v. Ringer,[3] 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), issued a similar holding, stating that the exhaustion requirement applies to all claims arising under the Medicare Act. The Ringer court therefore concluded that the exhaustion of available remedies is a prerequisite to jurisdiction under both 42 U.S.C. Sec. 405(g)[4] and 28 U.S.C. Sec. 1361 (writ of mandamus). Id.
 
 
 20
 Plaintiffs do not contest that judicial review of their claims is contingent upon their exhausting all administrative remedies. They assert that such exhaustion has been accomplished by the mere fact that they cannot meet the $10,000 amount in controversy prerequisite to a PRRB review under Sec. 1395oo(a).
 
 
 21
 We find no merit in plaintiffs' contention that they have exhausted all remedies because an appeal under Sec. 1395oo(a) is not possible. Plaintiffs could have sought a PRRB review as a group under Sec. 1395oo(b). That section provides for bringing group appeals involving a common factual or legal issue when the aggregate amount in controversy is at least $50,000.[5]
 
 
 22
 Plaintiffs cannot be permitted to by-pass the administrative process by asserting that one of two avenues to an administrative remedy is unavailable. Plaintiffs must seek all possible administrative appeals provided by Congress. To hold otherwise would allow the circumvention of the exhaustion requirement and the court's premature interference with the agency process. Cf. Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (purpose of exhaustion requirement is to prevent a premature interference by the courts).
 
 
 23
 Indeed, in Ringer, 104 S.Ct. at 2025 the Supreme Court refused to allow plaintiff (Ringer) to by-pass the exhaustion requirement under similar pretenses. Ringer sought judicial review of the Secretary's decision barring Medicare coverage for a surgical procedure designed to relieve respiratory distress. Ringer argued that he had no avenue of administrative review under the Medicare Act because he had not undergone the surgery in question and thus had no expenses for which to seek reimbursement from the Secretary. The Supreme Court found no federal jurisdiction, stating that Ringer must first pursue his claim in the manner which Congress had provided (i.e. have the surgery and seek reimbursement), before he can seek judicial review of the Secretary's decision. Ringer, 104 S.Ct. at 2025.
 
 
 24
 Because the Ringer Court held that a plaintiff has to incur surgery and seek reimbursement before he is deemed to have exhausted all administrative remedies, we conclude that plaintiffs herein must seek a group appeal under Sec. 1395oo(b) in order to fulfill the exhaustion requirement.
 
 
 25
 We therefore hold that the district court did not have jurisdiction over plaintiffs' claims. The failure by plaintiffs to exhaust available administrative remedies (i.e. the group appeal under Sec. 1395oo(b) ) precludes 42 U.S.C. Sec. 405(g) jurisdiction and mandamus jurisdiction. Accordingly, we affirm the district court's decision to dismiss plaintiffs' case for lack of subject matter jurisdiction.
 
 
 26
 AFFIRMED.
 
 
 
 [1]
 Plaintiffs' case was certified as a class action
 
 
 [2]
 Region IV is comprised of Alabama, Florida, Georgia, Kentucky, Mississippi, North Carolina, South Carolina, and Tennessee
 
 
 [3]
 This panel held this appeal in abeyance for some time awaiting the outcome of the Supreme Court's decision in Ringer and its effect on this court's consideration of Starnes v. Schweiker, 715 F.2d 134 (4th Cir.1983) on remand (Starnes v. Schweiker, 748 F.2d 217 (4th Cir.1984) )
 
 
 [4]
 Indeed, the Court reiterated that the exhaustion requirement of Sec. 405(g) is "nonwaivable." Ringer, 104 S.Ct. at 2023 (citing Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976))
 
 
 [5]
 We are not expressing an opinion that plaintiffs would qualify for a group appeal; the agency charged with administering the statute should make such determination. The record indicates, however, that this class action might be entitled to a Sec. 1395oo(b) appeal