**William A. MONGER,**
**Plaintiff-Appellee,**

v.

**Otis R. BOWEN, Secretary, Department of Health and Human Services; Ivan Norman Ratesic; Richard Israel, Defendants-Appellants.**

**No. 86–1617.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1987.

Decided April 28, 1987.

**16**

Scott D. Earnshaw, Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., Washington, D.C.; John P. Alderman, U.S. Atty., Roanoke, Va.; Michael Jay Singer, Dept. of Justice, Washington, D.C., on brief), for defendants-appellants.

Calvin Waverly Parker, Stanardsville, Va., for plaintiff-appellee.

Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

ERVIN, Circuit Judge:

In this case we are called upon to construe the regulations governing the reopening of a denial of social security benefits. We conclude that 20 C.F.R. § 404.988(a) (1986) gives the Secretary of Health and Human Services ("the Secretary") discretion in deciding whether or not to reopen benefits determinations. Accordingly, we reverse the writ of mandamus requiring the Secretary to reopen the denial of the claimant's benefits.

I.

Claimant William A. Monger applied for disability benefits under Title II of the Social Security Act in March, 1980. Title II of the Social Security Act provides for payment of disability benefits to persons who, because of physical or mental disabilities, are unable to do their previous work or to "engage in any ... kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A) (1982). Monger was initially denied benefits on April 28, 1981. Since Monger did not seek administrative review in a timely fashion,[1] this determination became final.

On October 13, 1981, Monger sent a letter to defendant Richard Israel, District Manager of the Social Security Administration in Charlottesville, Virginia, requesting a reopening of the Secretary's denial of benefits. In a subsequent exchange of letters between the parties, Monger asserted that § 404.988(a) permits unsuccessful claimants to secure the reopening of their application for benefits as a matter of right within one year of a denial of benefits. Israel and his staff refused to reopen the benefits determination pursuant to Monger's request.

---

1. The initial determination of whether a person is entitled to disability benefits is generally made through a state agency, pursuant to guidelines established by the Social Security Administration. *See* 42 U.S.C. § 421(a) (1982); 20 C.F.R. § 404.1503 (1986). If the state agency decides that a claimant is not disabled and hence not entitled to benefits, the claimant may request a reconsideration of that decision. *See* 20 C.F.R. §§ 404.904, 404.907–921 (1986). The regulations provide that the claimant must request reconsideration within 60 days of receiving the adverse initial determination. *See* 20 C.F.R. §§ 404.905, 404.909(a)(1) (1986).

Monger then turned to the federal courts. In January, 1984, Monger filed a complaint in the United States District Court for the Western District of Virginia, seeking a declaratory judgment that the Secretary was required to reopen the initial decision denying him disability benefits pursuant to § 404.988(a). Monger named the Secretary, Israel, and another member of the Social Security Administration staff as defendants. The defendants filed a motion to dismiss, arguing that the regulations did not give Monger a right to have his decision reopened, such a reopening being within the Secretary's discretion. The district court denied the defendants' motion to dismiss. The court found that it had mandamus jurisdiction to entertain Monger's claim under 28 U.S.C. § 1361 (1982).[2] On April 14, 1986, the district court issued a writ of mandamus requiring the Secretary to reopen Monger's claim for social security benefits. A timely notice of appeal was filed on June 13, 1986. The district court granted a stay of the order issuing the writ of mandamus pending appeal of the action to this court.

## II.

■ In considering Monger's reopening request, the court below examined the language in 20 C.F.R. §§ 404.987–88 which provides:

§ 404.987 Reopening and revising determinations and decisions.

(a) General. Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.

(b) Procedure for reopening and revision. You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 404.988.

§ 404.988 Conditions for reopening.

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.-989, to reopen the case; ....

The district court found that § 404.988(a) imposed a duty upon the Secretary to reopen a benefits determination within a year of the notice of the initial determination. We disagree. We think that the district court erred as a matter of law in making this finding, because the regulation indicates that a reopening pursuant to § 404.-988(a) is within the Secretary's discretion.

The district court agreed with Monger's assertion that the phrase "we will" in § 404.987(b) indicates a command; the lower court believed that the Secretary must reopen benefits determinations if the conditions for reopening in § 404.988 are met. This assertion is belied by reading the regulations as a whole. *See United States v. Morton,* 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984) (in construing

---

2. On appeal, defendants challenge the district court's exercise of jurisdiction under 28 U.S.C. § 1361 (1982), which provides:

The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Defendants assert that the provision of the Social Security Act relating to "Finality of Secretary's Decision" bars mandamus jurisdiction in the present situation. *See* 42 U.S.C. § 405(h) (1982). The Supreme Court has explicitly declined to decide whether this provision prohibits

the exercise of mandamus jurisdiction in cases involving social security disability benefits. *See, e.g. Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984). Other circuits have indicated that 42 U.S.C. § 405(h) may not preclude mandamus jurisdiction in appropriate circumstances involving disability benefits determinations. *See, e.g., Ganem v. Heckler,* 746 F.2d 844, 850 (D.C.Cir.1984); *Ellis v. Blum,* 643 F.2d 68, 78 (2d Cir.1981). We find it unnecessary to determine the propriety of mandamus jurisdiction in Monger's case, since we base our decision on the explicit language of 20 C.F.R. § 404.988(a) (1986).

statutory phrases, statutes must be read as a whole). The operative word in § 404.-987–88 is "may." Section 404.987(a) provides that a determination *"may* be reopened or revised;" § 404.987(b) provides that a claimant *"may* ask" that a determination be revised. This permissive language continues in § 404.988, which states that a decision "may be reopened" under conditions set out in the following paragraphs.

Monger argues that § 404.988 speaks in terms of decisions which "may be reopened" simply because that section includes both mandatory reopenings in subsection (a) and discretionary reopenings in subsection (b). We find, however, that both (a) and (b) are subject to the discretionary "may." If the regulations had meant to make (a) mandatory and (b) discretionary, they would have included different language in those two provisions. Monger correctly notes that the regulations attempt to make reopening easier in the first twelve months than at any time thereafter. Yet, they do not do so by making reopening mandatory during this initial period. Instead, the regulations give the Secretary discretion to reopen a decision "for any reason" within twelve months, while requiring that reopenings within four years be for "good cause."

Other regulations accompanying the Social Security Act support our reading of § 404.988(a). In particular, 20 C.F.R. § 404.909(a)(1) (1986) permits a reconsideration of a benefits determination if a written request for reconsideration is filed within sixty days of notice of the initial determination. By imposing an obligation upon the Secretary to reopen all requests made within a year of the determination, as Monger urges us to do, we would vitiate the sixty-day limit set out in § 404.-909(a)(1).

Finally, we note the well-established principle that the courts should defer to an agency's interpretation of its own regulations, if that interpretation is reasonable. *See Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616 (1965). This deference should extend to interpretations of ambiguities in regulatory language, such as the construction of "will" and "may" in this case. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). The construction of § 404.988(a) that the Secretary and his staff urge, which gives the Secretary discretion in deciding whether or not to reopen determinations under that provision, is reasonable in light of the regulatory scheme as a whole. We therefore reverse the district court's writ of mandamus requiring the Secretary to reopen Monger's benefits determination under § 404.988(a).

REVERSED.