**TOTAL CARE, INC. a North Carolina Corporation, Plaintiff,**

v.

**Louis SULLIVAN, as Secretary of the United States Department of Health and Human Services; Gail Wilensky, as Administrator of the Health Care Financing Administration; George R. Holland, as Regional Administrator Region IV–Health Care Financing Administration; James C. Holloway, as Executive Director, Department of Operations, Federal Programs, The Blue Cross and Blue Shield Association; the Blue Cross and Blue Shield Association; and Blue Cross and Blue Shield of South Carolina, Defendants.**

No. C–C–90–128–P.

United States District Court,
W.D. North Carolina.

Jan. 8, 1991.

Charles F. MacKelvie, Chicago, Ill., Charles E. Johnson, Charlotte, N.C., for plaintiff.

James M. Sullivan, U.S. Atty.'s Office, Charlotte, N.C., Linda A. Ruiz, Lawrence M. Meister, Health Care Financing Div., HHS, Baltimore, Md., for defendants.

## MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the renewed motion, filed November 14, 1990, of Defendant Louis W. Sullivan, Secretary of the United States Health and Human Services, to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On November 23, 1990, Plaintiff filed a memorandum in opposition to Defendants' renewed motion to dismiss.

## I. THE PARTIES.

Plaintiff Total Care (hereinafter "Plaintiff") is a North Carolina corporation that provides home health care to patients whose doctors prescribe such treatment. The majority of the patients Plaintiff provides services to are covered by Medicare. Plaintiff provides services including nursing care, physical therapy, occupational and speech therapy, medical social services, and the services of a home health aide in both North Carolina and South Carolina.

Defendant Sullivan, as Secretary of the United States Department of Health and Human Services ("HHS"), is the Federal Officer responsible for the administration of the Medicare Program pursuant to the Social Security Act.[1] Defendant Wilensky, as the Administrator of HHS's Health Care Financing Administration ("HCFA"), is responsible for managing the payments to providers of services compensated by the Medicare Program. Defendant Holland is the regional administrator of HCFA, Atlanta, the region in which Plaintiff is located. Defendant Holloway is the official responsible for implementation of all reimbursement determinations in the Blue Cross System. The Blue Cross Defendants have a contractual relationship with HHS serving as the prime fiscal intermediary to providers such as Plaintiff.

## II. PROCEDURAL AND FACTUAL BACKGROUND.

On April 25, 1990, Plaintiff filed the complaint which is the subject of this matter. The case was originally assigned to the Honorable James B. McMillan through a random assignment procedure utilized by the Clerk's office.

In the complaint, Plaintiff seeks to have the Court enjoin Defendants from withholding, retaining, offsetting or reducing Medicare payments related to the compensation of Plaintiff's home health agency executives. The home services payments at issue in this lawsuit fall within Part A of the Medicare Act. *See* 42 U.S.C. §§ 1395c–1395i–2. Plaintiff, as a provider of home services in the Medicare program, is to be paid the lesser of the "reasonable cost" or the "customary charges" for services furnished to Medicare beneficiaries. *See* 42 U.S.C. § 1395f(b)(1). A provider may also be compensated a reasonable allowance for the services of its executives. *See* 42 C.F.R. § 413.5(c)(8) (1989).

The annual Medicare reimbursement owed to the provider is determined after the close of the provider's fiscal year in a cost report. *See* 42 C.F.R. § 405.1801 (1989). The intermediary, in this case the Blue Cross Defendants, then analyzes the report, auditing it if it necessary, and issues a "notice of program reimbursement" (NPR) setting forth the final determination of the total amount of reimbursement due. *See* 42 C.F.R. § 405.1803 (1989). If a provider disagrees with the intermediary's determination, it may request a hearing before the Provider Reimbursement Review Board ("PRRB" or "Board"). *See* 42 U.S.C. § 1395oo (a).

Judicial review of a PRRB decision is not available until it is final. *See* 42 U.S.C. § 1395oo (f)(1). A civil action challenging a decision of PRRB must be filed in the United States District Court in which the provider is located or the District Court for the District of Columbia within 60 days of the provider being notified of the adverse decision. *Id.* However, when the Board determines that it is without authority to decide a question of law or regulation, the provider may commence a civil action within 60 days of the date on which such determination is rendered. *Id.* Moreover, after the Board determines that it has jurisdiction over the matter before it, the provider may request an Expedited Judicial Review (EJR) hearing for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy. *Id.* After supporting documents and materials necessary for the Board to render a determination are submitted, the Board must make in writing within 30 days a determination regarding whether it has the authority to decide the question of law or regulation. *Id.* If the Board fails to make such a determination within the applicable period, the provider may bring a civil action within 60 days with respect to the matter in controversy contained in such request for a hearing. *Id.*

In this case, Plaintiff filed a cost report for the period ending December 31, 1987 with the Blue Cross Defendants. Initially, Defendants approved all of Plaintiff's

---

**1.** Because the interests of all Defendants appear to be identical, the Court will refer to the Defendants collectively as "Defendants".

claimed executive compensation and actually reimbursed Plaintiff for those claimed expenses. After the cost report was audited, however, the Blue Cross Defendants on September 18, 1989 issued an NPR for fiscal year 1987 containing an executive compensation adjustment totalling approximately $30,000.00 for alleged "unreasonable" or "unallowable" costs. Although an NPR for fiscal years 1988 and 1989 has not yet been prepared, the Medicare effect of the payments for those years is an overpayment of approximately $74,500.00 to Plaintiff, assuming the rationale of the 1987 NPR is used for the 1988 and 1989 reports. Therefore, Plaintiff has repaid Defendants $104,566.00 because of the compensation adjustments in the 1987 cost report and the adjustments made by Plaintiff in reference to the 1988 and 1989 reports.

On October 16, 1989, Plaintiff requested an Expedited Judicial Review from the Board. Thereafter, the Board requested Plaintiff submit additional documentation in support of the EJR request. On February 21, 1990, Plaintiff submitted the additional documents. Prior to the Board acting on Plaintiff's EJR request, the complaint in this matter was filed on April 25, 1990. After determining that it had jurisdiction over this matter, the Board conducted a hearing on Plaintiff's EJR request on May 17, 1990. On that same date, the Board denied the EJR request finding that there were "[q]uestions of fact to be decided, and that the central issue does not concern the validity of a law, regulation or HCFA ruling but whether a regulation was properly implemented." *See Defendants' Renewed Motion to Dismiss*, filed November 14, 1990, at 25.

On June 26, 1990, Defendants filed a motion to dismiss. After Plaintiff had responded, Judge McMillan entered a cursory four (4) sentence order on September 7, 1990 denying Defendants' motion to dismiss. Judge McMillan did not state on what basis he found there to be subject matter jurisdiction, but instead merely noted that "[t]he court finds that it has jurisdiction over this case." Thereafter, this matter was reassigned to the undersigned.

On October 22, 1990, a superseding pretrial order was entered by the undersigned. That pretrial order authorized Defendant to file the motion currently before the Court to reconsider the motion to dismiss. After carefully considering the arguments contained in the memorandums filed by the parties, the Court believes that Judge McMillan was in error in finding that subject matter jurisdiction lies in this case. Therefore, based on the rationale enunciated below, the Court believes that it must grant Defendants' motion to dismiss.

## III. DISCUSSION.

Plaintiff has stated that subject matter jurisdiction lies in this Court based on four (4) grounds. A discussion of each follows.

### A. *Federal Question Jurisdiction under 28 U.S.C. § 1331.*

Title 28, United States Code section 1331 confers original jurisdiction in the district court of all civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiff claims that Defendants have failed to comply with its own regulations requiring it "[t]o conduct tri-annual surveys to determine the pertinent facts to be used by HCFA to formulate allowable ranges of owners' compensation". *See Plaintiff's Memorandum in Opposition to Defendants' Renewed Motion to Dismiss*, filed November 23, 1990, at 4. In the absence of such ranges, Plaintiff argues that there are no objective parameters for the Blue Cross Defendants as the intermediary to measure the reasonableness of each provider's claim for reimbursement of owners compensation. Accordingly, Plaintiff believes that the absence of regulatory guidance amounts to a denial of due process, and hence, jurisdiction under 28 U.S.C. § 1331 is appropriate.

In support of the renewed motion to dismiss, Defendants rely primarily on 42 U.S.C. § 405(h) in arguing that § 1331 is unavailable as a basis for subject matter jurisdiction in Medicare matters. Section 405(h) provides:

**(h) Finality of Secretary's decision.** The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter* (emphasis added).

Defendants contend that the plain language of the statute prevents Plaintiff from relying on § 1331 in this case.

The United States Supreme Court has held that the third sentence of 42 U.S.C. § 405(h) bars district court federal question jurisdiction over suits which seek to recover Social Security benefits. *See Weinberger v. Salfi*, 422 U.S. 749, 756–57, 95 S.Ct. 2457, 2462–63, 45 L.Ed.2d 522 (1974); *see also Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). The third sentence of § 405(h) is more than a codified requirement of administrative exhaustion. *Salfi*, 422 U.S. at 757, 95 S.Ct. at 2462–63. *All* actions involving Social Security benefits brought under § 1331 are barred, not only those actions that have been brought in which administrative remedies have been exhausted. *Id.* Thus, even actions which allege that the Secretary of HHS abused his discretion by not promulgating regulations in violation of a provider's constitutional right to due process are not actionable under § 1331. *Id.* at 762, 95 S.Ct. at 2465. In justifying this holding, the Supreme Court noted, "[E]xhaustion is generally required as a matter of preventing premature interference with agency process, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of this experience and expertise, and to compile a record which is adequate for judicial review." *Id.* at 765, 95 S.Ct. at 2467.

The law from the Supreme Court is clear—a provider's claim must be "channeled first into the administrative process which Congress has provided for the determination of claims for benefits". *See Ringer*, 466 U.S. at 614, 104 S.Ct. at 2021. The Fourth Circuit Court of Appeals has followed the Supreme Court in finding that § 405(h) limits "[j]udicial review of provider reimbursement disputes by means of the procedures available under the Medicare Act, that is, section 1395oo, which alone specifies the administrative procedures culminating in judicial review of reimbursement disputes." *Hopewell Nursing Home, Inc. v. Schweiker*, 666 F.2d 34, 38 (4th Cir.1981) (hereinafter "*Hopewell I*"). Absent resort to the Act's procedures, the providers cannot seek to have their claims resolved by the district court. *Id.* The court in *Hopewell I* found that an attempt to cloak a claim in constitutional garb when the plaintiff actually sought to increase the amount of its reimbursement fell within the § 405(h) prohibition against invoking § 1331 jurisdiction. *Id.* at 39. "[W]e therefore refuse to allow Hopewell to rescue its case from the strictures of *Salfi* and (section 405(h)) merely by grouping its claims under the rubric of constitutional or statutory challenge". *Id.* at 40; *see also Hopewell Nursing Home, Inc. v. Heckler*, 784 F.2d 554, 557–58 (4th Cir.1986) (hereinafter "*Hopewell II*").

The Court believes that the facts of this case are on all-fours with the facts from *Hopewell I* and *Hopewell II*.[2] Plaintiff has attempted to characterize this action as "[n]ot a claim for benefits, but rather an action to enforce procedural regularities".

---

2. Defendants have cited an unpublished decision from the Eastern District of North Carolina that is remarkably similar to this case. In *Comprehensive Home Health Care I v. Sullivan*, No. 90–9–Civ–7 (E.D.N.C. June 22, 1990), the plaintiff brought an action in district court challenging the decision of the Secretary to adjust the costs of executive compensation. However, the plaintiff did not exhaust all of its administrative remedies prior to filing the action. Judge Britt rejected the plaintiffs claim that it could bypass the administrative remedies by seeking to compel the Secretary to explain the procedures the intermediary should follow in computing the allowable cost for owner's compensation. *Id.* at 5.

*See Plaintiff's Complaint,* filed April 25, 1990, at par. 6 on page 3. However, this characerization is suspect due to Plaintiff's belief that "[t]he compensation claimed for fiscal years 1987, 1988 and 1989 for its Executive Director was in fact reasonable and reimbursable under the Medicare Act...." *Id.* at par. 55 on page 24. Moreover, it appears to the Court that Plaintiff may be attempting to use this lawsuit as a means to "force the PRRB to place the case on its calendar" in an expedited fashion. *Id.* at par. 68 on page 32. Given the unambiguous language of the statute and the clear Supreme Court and Fourth Circuit interpretations of the statute, the Court concludes that Plaintiff's jurisdiction claim under § 1331 is meritless.[3]

B. *Mandamus Jurisdiction Under 28 U.S.C. § 1361.*

■    The federal mandamus statute is codified at 28 U.S.C. § 1361. That statute provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereunder to perform.

The Supreme Court has not yet decided whether the effect of the third sentence of § 405(h) makes mandamus jurisdiction available in an action for Medicare benefits.

*See Ringer,* 466 U.S. at 616, 104 S.Ct. at 2022. However, in a case decided after *Ringer,* the Fourth Circuit held that a failure by plaintiffs to exhaust the available administrative remedies provided in § 1395oo precludes mandamus jurisdiction. *See Hopewell II,* 784 F.2d at 558. Given the clear language of *Hopewell II,* the Court would be reluctant to find absent explicit language to the contrary in another Fourth Circuit case that mandamus jurisdiction is available in Medicare cases.[4]

■    Even if mandamus jurisdiction was not precluded in this Circuit in Medicare cases, the Court would not issue a writ of mandamus in this case. The extraordinary writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *See Ringer,* 466 U.S. at 616, 104 S.Ct. at 2022; *Kerr v. United States District Court,* 426 U.S. 394, 402–403, 96 S.Ct. 2119, 2123–2124, 48 L.Ed.2d 725 (1976). In this case, Plaintiff clearly has not exhausted all of its other avenues of relief. Plaintiff filed this action *prior* to the hearing by the PRRB. Obviously, Plaintiff had available to it the remedy of awaiting the Board's decision prior to filing this action. Thus, the Court does not believe that Plaintiff has exhausted all of the administrative remedies available. More-

---

3. In its response to Defendants' renewed motion to dismiss, Plaintiff argues that the recent Supreme Court case of *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986) has changed the Medicare law in the Supreme Court and the Fourth Circuit. As Defendants note, however, that case involved the beneficiary's right to judicial review of Constitutional claims under Part B of the Medicare Act. Part B does not contain an express statutory right to judicial review. In Part A, which alone is applicable to this case, the exclusive judicial review provisions are clearly set forth in the statute. Therefore, *Michigan Academy* is distinguishable from this case.

4. In arguing that the status of the law is unsettled in the Fourth Circuit concerning mandamus jurisdiction in Medicare cases, Plaintiff cites to the case of *Monger v. Bowen,* 817 F.2d 15 (4th Cir.1987). The Fourth Circuit, in a footnote, stated that the Supreme Court has explicitly declined to decide whether mandamus

jurisdiction can lie in Medicare cases. *Id.* at 17, note 2. The court cited cases from two other circuits in which courts held that § 405(h) does not preclude mandamus jurisdiction. *Id.* The court then stated, "[W]e find it unnecessary to determine the propriety of mandamus jurisdiction in Monger's case, since we base our decision on the explicit language of 20 C.F.R. § 404.988(a) (1986)." *Id.*

Naturally, Plaintiff argues that this language indicates that the Fourth Circuit has reversed its previous decision in *Hopewell II.* The Court on the other hand believes that the language only indicates that the Fourth Circuit declined to address the mandamus jurisdiction issue before it. Such language can hardly be considered persuasive evidence that the court has reversed the clear holding of *Hopewell II* that a failure by plaintiffs to exhaust the available administrative remedies provided in § 1395oo precludes mandamus jurisdiction. *See Hopewell II,* 784 F.2d at 558. The Court will leave it to the Fourth Circuit to explicitly reverse its previous holdings.

over, the Court simply cannot characterize this case as "extraordinary". Therefore, even if the Court had the authority to do so, it would not issue a writ of mandamus in this case.

### C. *Jurisdiction Under the All Writs Act; 28 U.S.C. § 1651.*

■ As noted by Defendants, the All Writs Act may be the basis for the authority to issue an injunction, but it is not a basis of jurisdiction. *See Defendants' Memorandum in Support of the Renewed Motion to Dismiss,* filed November 14, 1990, at 19 (citing *Brittingham v. Commissioner,* 451 F.2d 315, 317 (5th Cir.1971). Therefore, subject matter jurisdiction cannot be established under this argument.

### D. *Jurisdiction under the Expedited Judicial Review Provision of the Medicare Act; 42 U.S.C. § 1395oo.*

■ Title 42, United States Code section 1395oo (f)(1) requires that a provider exhaust the administrative remedies available to it prior to initiating an action in the district court. By its own admission, Plaintiff filed this action prior to the PRRB hearing.[5] Nonetheless, Plaintiff contends that jurisdiction under § 1395oo is available in this case because the Board did not conduct an EJR within 30 days after the hearing was requested by Plaintiff. Thus, Plaintiff argues that because the Board did not respond in a timely fashion, § 1395oo (f)(1) provides that "a civil action may be filed (within sixty days of the end of such period) with respect to the matter in controversy contained in such request for a hearing". *See* 42 U.S.C. § 1395oo (f)(1).

Under the applicable regulation promulgated by Defendants, the thirty day period does not begin to run until after the Board determines it has jurisdiction to entertain the matter. *See* 42 C.F.R. § 405.1842(b)(3). The regulation is consistent with the statutory provision contained in § 1395oo (f)(1) which provides in pertinent part:

> If a provider of services may obtain a hearing under subsection (a) of this section ..., such provider may file a request for a determination by the Board of its authority to decide the question of law or regulations.... The Board shall render such determination in writing within thirty days after the Board receives the request *and accompanying documents and materials* ... (emphasis added).

The statute indicates that a two-step process must be completed by the Board. *See Alexandria Hospital v. Bowen,* 631 F.Supp. 1237, 1244 (W.D.Va.1986). First, the Board must determine if it has jurisdiction over an appeal. This determination is not governed by the thirty day time period of the EJR. *Id.* Only after the Board determines it has jurisdiction over the matter does the thirty day period begin to run in the Board's consideration of the EJR. Furthermore, the thirty day period does not begin to run until *after* the Board receives any accompanying documents and materials from the provider.

In this case, Plaintiff filed a request for an EJR on October 16, 1989. The accompanying documents and materials submitted by Plaintiff were not received until February 21, 1990. On May 17, 1990, the Board determined it had jurisdiction over this matter. On the same date, the Board denied Plaintiff's request for an EJR. Thus, the determination was rendered on the same day (and, thus, within thirty days) that the Board determined it had jurisdiction.

Plaintiff urges this Court to nullify Defendants' regulation concerning the determination of when the thirty day period begins to run. The Court believes that the regulation is consistent with the statute. This Court agrees with Judge Turk's following conclusion regarding a similar argument:

> [W]hile Congress has clearly imposed a 30–day limit on the PRRB's evaluation of EJR requests, no such limits have been placed on the PRRB's evaluation of its jurisdiction. In the absence of such a Congressional limitation, this court is unwilling to enforce one. *Id.*

---

**5.** The Court is informed that the hearing before the PRRB is scheduled for early January, 1991.

**1104**

Furthermore, the legislative history of the statute indicates that the purpose of the EJR provision was solely to expedite the resolution of the legal controversies in Medicare reimbursement appeals that the Board was unable to hear. *Id.; see also* H.R.Rep. No. 96–1167, *reprinted in* 1980 U.S.Code Cong. & Ad.News 5526, 5757. The EJR provision, contrary to Plaintiff's assertion, was not intended to create a new basis for subject matter jurisdiction. *Id.*

The simple conclusion to Plaintiff's request that the Court find subject matter jurisdiction lies under § 1395oo (f)(1) is for the Court to point out that Plaintiff failed to file its action within sixty days of time in which it claims the EJR request was made. If the Court was inclined (which it is not as indicated above) to adopt Plaintiff's argument that the thirty day period for the Board to rule on the EJR request began to run the date the request was made, the Board would have had to rule on the request no later than November 16, 1989. Under this analysis, however, Plaintiff would have had to file its action sixty days from the time the request was made. Thus, the action would have had to been filed no later than January 15, 1990. The complaint in this matter was actually filed on April 25, 1990; more than sixty days from the date suggested by Plaintiff as the correct commencement date for the sixty day period to begin to run.

For the reasons stated herein, the Court does not believe Plaintiff's argument is meritorious that subject matter jurisdiction is available under the EJR provision of § 1395oo (f)(1).

## IV. CONCLUSION.

As indicated above, the Court does not believe that subject matter jurisdiction based on any of the four (4) grounds presented by Plaintiff lies in this Court. Accordingly, the Court will grant Defendants' motion to dismiss.

## V. ORDER OF THE COURT.

NOW, THEREFORE, IT IS ORDERED that the renewed motion of Defendant Louis W. Sullivan, Secretary of the United States Health and Human Services, to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure be, and hereby is, GRANTED AS TO ALL DEFENDANTS. This matter is hereby DISMISSED.

## JUDGMENT

In accordance with the Memorandum of Decision and Order filed simultaneously with the filing of this Judgment,

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

(1) Defendants' renewed motion to dismiss be, and hereby is, GRANTED;

(2) This matter be, and hereby is, DISMISSED WITHOUT PREJUDICE with leave granted for Plaintiff to refile this action following the exhaustion of all administrative remedies; and

(3) Each party shall bear its and their own cost.