952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TOTAL CARE, INC., a North Carolina Corporation, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services;
Gail Wilensky, Administrator of the Health Care Financing
Administration; George R. Holland, Regional Administrator
Region IV-Health Care Financing Administration; James C.
Holloway, Executive Director, Department of Operations,
Federal Programs, Blue Cross and Blue Shield Association;
Blue Cross and Blue Shield Association; Blue Cross and Blue
Shield of South Carolina, Defendants-Appellees.
 No. 91-1514.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1991.
Decided Dec. 23, 1991.
As Amended Dec. 31, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CA-90-128-C-C-P)
 Argued: Charles F. MacKelvie, Hinshaw & Culbertson, Chicago, Ill., for appellant.
 Lawrence Michael Meister, Office of the General Counsel, Department of Health and Human Services, Baltimore, Md., for appellees.
 On Brief: Marcia S. Handler, Hinshaw & Culbertson, Chicago, Ill., Charles Johnson, Moore & Van Allen, Charlotte, N.C., for appellant.
 Stuart Gerson, Assistant Attorney General, Department of Health and Human Services, Baltimore, Md., Thomas J. Ashcraft, United States Attorney, James M. Sullivan, Assistant United States Attorney, Charlotte, N.C., for appellees.
 W.D.N.C., 754 F.Supp. 1097
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case is before the court on an appeal by Plaintiff-Appellant Total Care, Inc. ("Total Care") from the district court's denial of its Motion to Alter and/or Amend the Judgment and Order Granting Defendants-Appellees' Motion to Dismiss. Total Care, a provider of home health care services, initiated this suit in an effort to block the Defendants from withholding or reducing Medicare payments to home health care agencies related to the compensation of agency executives, on grounds that doing so in the absence of valid federal guidelines for the compensation of home health care executives violated federal regulations and the due process guarantees of the Constitution. The district court dismissed the complaint on grounds that it lacked subject matter jurisdiction. We concur and affirm the decision below.
 
 
 2
 * Total Care is a North Carolina corporation that provides home health care in North Carolina and South Carolina. Most of its patients are Medicare beneficiaries, so Total Care receives the bulk of its income from reimbursement under the Medicare Program, Title XVIII of the Social Security Act. See 42 U.S.C. § 1395 et seq.
 
 
 3
 Defendants Sullivan, Wilensky and Holland are the federal officials responsible for administration of the Medicare Program pursuant to the Social Security Act, including payments to home health care providers compensated under the Medicare Program. The Blue Cross Defendants serve as the prime fiscal intermediary to providers under a contractual relationship with the U.S. Department of Health and Human Services ("HHS"), and Defendant Holloway is responsible for implementation of all reimbursement determinations in the Blue Cross System.*
 
 
 4
 Appellant brought this suit to enjoin the Defendants from retaining Medicare payments that Appellant asserted should have been released as compensation to its executives under Part A of the Medicare Act. Home health care providers are entitled to a reasonable compensation allowance for the services of their executives, as well as reimbursement for the "reasonable cost" or "customary charges" for their services to Medicare beneficiaries. The HHS intermediary, in this instance the Blue Cross Defendants, determines annual Medicare reimbursement amounts based on annual cost reports submitted by providers.
 
 
 5
 Under the terms of the Medicare Act, if a provider disagrees with the intermediary's determination, it may request a hearing before the Provider Reimbursement Review Board (the "PRRB"). When the PRRB enters a final decision, a dissatisfied provider may file a federal civil action challenging the decision within 60 days of its issuance. If instead of making a determination the PRRB finds that it lacks authority to decide a question of law or regulation relevant to the dispute, the provider may bring a federal civil action within 60 days of that determination. If the PRRB finds that it has jurisdiction over the matter, the provider may request an Expedited Judicial Review ("EJR") hearing for a formal determination by the PRRB of its authority to decide questions of law or regulation relevant to the controversy. The provider is responsible for submitting supporting documents and materials necessary for the PRRB to review the situation, after which the PRRB must make a written determination within 30 days as to whether it has authority to decide the relevant questions. If the PRRB fails to decide within the allotted 30 days, the provider may then bring a federal civil action within 60 days with respect to the dispute at issue in its hearing request.
 
 
 6
 In the instant case, Appellant repaid Defendants approximately $104,000 due to compensation adjustments made to its 1987, 1988 and 1989 cost reports following an audit performed by the Blue Cross Defendants. On October 16, 1989, Appellant requested an Expedited Judicial Review from the PRRB. The PRRB requested additional documentation, which Appellant submitted on February 21, 1990. Appellant filed this suit on April 25, 1990, before the requested EJR hearing was held. The PRRB later determined that it had authority over the dispute, held an EJR hearing on May 17, 1990, and denied Appellant's EJR request. The PRRB found that questions of fact existed and that the central issue concerned not the validity of a regulation but its interpretation.
 
 
 7
 Defendants' initial Motion to Dismiss was denied, but upon resubmission was granted for lack of subject matter jurisdiction.
 
 II
 
 8
 Appellant first claims to establish federal subject matter jurisdiction through federal question jurisdiction. 28 U.S.C. § 1331 confers original jurisdiction in the district court of all civil actions arising under the Constitution, laws, or treaties of the United States. Appellant argues that Defendants failed to comply with HHS regulations that mandate a procedure to conduct surveys and develop ranges of reasonable compensation for home health care agency executives. The last such surveys and ranges developed were prepared in 1974. Total Care argues that in the absence of valid, up to date ranges, compensation determinations are made without objective parameters of reasonableness and violate due process.
 
 
 9
 The Social Security Act provides at 42 U.S.C. § 405(h) that "[n]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." The U.S. Supreme Court has held that § 405(h), as quoted above, bars federal question jurisdiction over suits for recovery of Social Security Benefits. See Weinberger v. Salfi, 422 U.S. 749, 756-57 (1974); see also Heckler v. Ringer, 466 U.S. 602 (1984). This Circuit, following the Supreme Court, has held that § 405(h) limits "[f]ederal jurisdiction over provider reimbursement disputes ... to that specifically supplied by the Medicare Act itself, i.e., 42 U.S.C. § 1395oo," which requires a final decision by the PRRB before judicial review is available. Hopewell Nursing Home, Inc. v. Schweiker, 666 F.2d 34, 38 (4th Cir.1981) (hereinafter "Hopewell I "). By initiating this suit before the PRRB had heard or decided its EJR request, Total Care failed to comply with the full procedures for administrative and judicial review under the Medicare Act.
 
 
 10
 In Hopewell I the court found that the plaintiff purported to state a constitutional claim in an attempt to avoid the § 405(h) jurisdictional prohibition, when in fact its goal was to increase its own reimbursement level under Medicare. See also Hopewell Nursing Home, Inc. v. Keckler, 784 F.2d 554, 557-58 (4th Cir.1986) (hereinafter "Hopewell II "). The Court is in agreement with the district court below that "the facts of this case are on all fours with the facts from Hopewell I and Hopewell II." Memorandum of Decision and Order at 10 (January 7, 1991). The Court adopts the reasoning of the district court that Total Care's attempt to characterize this as an action to "enforce procedural regularities" is suspect because Total Care continues to dispute its reimbursements for 1987, 1988 and 1989. As the lower court observed, it appears that Total Care "may be attempting to use this lawsuit as a means to 'force the PRRB to place the case on its calendar' in an expedited fashion." Memorandum of Decision and Order, supra, citing Plaintiff's Complaint at 32 (April 25, 1990).
 
 
 11
 Given the unambiguous language of the statute and clear precedent in this Circuit and the Supreme Court, the Court concludes that Total Care's jurisdictional claim under § 1331 is meritless.
 
 III
 
 12
 Appellant also seeks in this appeal to establish subject matter jurisdiction through mandamus jurisdiction. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereunder to perform." The Supreme Court has on numerous occasions declined to decide whether 28 U.S.C. § 405(h), permits mandamus jurisdiction in an action for Medicare benefits. See Ringer, 466 U.S. at 616.
 
 
 13
 As noted above and in the district court's Memorandum of Judgment and Order, in 1986 the Fourth Circuit confirmed in Hopewell II that a failure by plaintiffs to exhaust the available administrative remedies provided in § 1395 precludes mandamus jurisdiction. 784 F.2d at 558. The instant case does not present a compelling reason to reexamine our holding in Hopewell II, because mandamus jurisdiction, even if available, would be inappropriate. Mandamus is an extraordinary means of providing a remedy where a plaintiff has exhausted all other avenues of relief and the defendant owes him or her a clear, non-discretionary duty. See Ringer, supra. Appellant Total Care initiated this civil action before the PRRB had heard its Expedited Judicial Review request. The district court was correct in declining to find mandamus jurisdiction in light of Total Care's failure to exhaust available avenues of relief.
 
 
 14
 Based on the discussion above and adopting the reasoning of the district court, the Court is persuaded that federal subject matter jurisdiction over this dispute does not exist. Accordingly, the decision below is
 
 
 15
 AFFIRMED.
 
 
 
 *
 Because the interest of all Defendants appear to be identical, the Court will generally refer to the Defendants collectively as "Defendants."