Carol A. JOHNSON, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.

No. 90–3255.

United States Court of Appeals, Seventh Circuit.

Argued April 2, 1991.

Decided July 12, 1991.

Alfred H. Plummer, III, Wabash, Ind., for plaintiff-appellant.

Andrew B. Baker, Jr., Asst. U.S. Atty., Office of U.S. Atty., Dyer, Ind., Robert C. Stephens, Dept. of Health and Human Services, Region V, Office of Gen. Counsel, Chicago, Ill., for defendant-appellee.

Before CUMMINGS and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

RIPPLE, Circuit Judge.

Carol A. Johnson appeals from the district court's dismissal of her action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, we affirm the district court's determination that it was without jurisdiction.

## I

### BACKGROUND

This case involves two successive applications for social security benefits. On July 20, 1984, Mrs. Johnson filed an application for disability and disability insurance benefits under the Social Security Act. *See* 42 U.S.C. §§ 416, 423. This application was denied on September 28, 1984. Her request for reconsideration was denied on January 22, 1985. Despite being notified of her right to a hearing, Mrs. Johnson did not seek further administrative review. Consequently, the January 22, 1985 determination became final.

On June 26, 1985, Mrs. Johnson filed a second application for disability benefits. This second application also was denied both initially and upon reconsideration, and, with respect to this action, Mrs. Johnson sought a hearing before an ALJ. In considering her request for a hearing, the ALJ noted that 20 C.F.R. § 404.957(c)(1)[1]

---

1. This regulation provides:
   An administrative law judge may dismiss a request for a hearing under any of the following conditions:
   (c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because—

   (1) The doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.
   20 C.F.R. § 404.957(c)(1).

authorized him to dismiss the request on the ground of *res judicata* because her first application was adjudicated under the same law, involved the same facts and issues, and had become final by administrative action. The ALJ nevertheless decided to reopen the *first* determination on the July 20, 1984 application because, in the period between the denial of her first application and the time she filed the second application, Mrs. Johnson had received supplemental social security benefits. The ALJ reviewed new evidence and concluded that Mrs. Johnson was not disabled. Mrs. Johnson then sought review before the Appeals Council.

On January 30, 1987, the Appeals Council granted her request for review and determined that the ALJ should not have reopened the first application, but should have denied her request for a hearing on the ground that *res judicata* barred her second application. Accordingly, the Appeals Council nullified the actions of the ALJ and the ALJ's decision. The Council reinstated the January 22, 1985 determination as final.

Mrs. Johnson then filed an action in the district court seeking review of the Appeals Council's decision. The Secretary filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The Secretary argued that the district court's jurisdiction was limited to review of "final decisions" pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g),[2] and that the Appeals Council's decision was not a "final decision" for purposes of section 405(g). Mrs. Johnson argued that the ALJ's action in reopening her first application amounted to a waiver and estopped the Secretary from asserting *res judicata*.

The district court held that section 405(g) has been narrowly construed to authorize federal courts to review only "final" decisions of the Secretary "made after a hearing." *See Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977); *Giacone v. Schweiker,* 656 F.2d 1238, 1241–42 (7th Cir.1981). Because the Appeals Council had nullified the hearing held by the ALJ, the court reasoned that there was no final decision made after a hearing—the statutory prerequisite to jurisdiction in the district court. The court therefore concluded that the Appeals Council's decision that the first application should not have been reopened and that the first determination was *res judicata* was not subject to judicial review.

## II

## ANALYSIS

On appeal, Mrs. Johnson renews her argument that the ALJ's action in reopening the case and considering it on the merits precludes the Secretary from asserting *res judicata*. The Secretary submits that the Appeals Council can vacate an ALJ's decision to reopen and that the decision not to reopen is not subject to judicial review.

We believe that the district court appropriately determined that, under the governing statute, it did not have jurisdiction to review the determination of the Secretary embodied in the decision of the Appeals Council.[3]

At the outset, it is important to note that this case does not involve a constitutional challenge to this statutory scheme or to the Secretary's action. Nor are we faced with the contention that Mrs. Johnson's second claim is not the same as the first for *res judicata* purposes. *See McGowen v. Har-*

---

**2.** The statute provides in pertinent part:
Any individual, after any *final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides....

42 U.S.C. § 405(g) (emphasis added). This section provides the exclusive avenue of judicial review. *See Heckler v. Ringer,* 466 U.S. 602, 617, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984).

**3.** The final determination of the Secretary was not the decision of the ALJ, but the determination of the Appeals Council. Under 20 C.F.R. § 404.981, the Secretary is empowered to affirm, modify, or reverse the decision of the ALJ.

*ris,* 666 F.2d 60, 65 (4th Cir.1981). Against this background, we turn to Mrs. Johnson's contentions.

By its decision, the Appeals Council determined that the ALJ improperly reopened Mrs. Johnson's first application. The first determination, held the Appeals Council, was *res judicata.* Accordingly, the Council dismissed Mrs. Johnson's second request for a hearing. Consequently, as the case came to the district court, and now comes to us, the Appeals Council has refused to reopen the first determination. A refusal to reopen or a decision to apply administrative *res judicata* is a discretionary one not subject to judicial review. *See Sanders,* 430 U.S. at 107–08, 97 S.Ct. at 985–86; *Bolden for Bolden v. Bowen,* 868 F.2d 916, 918–19 (7th Cir.1989); *Taylor v. Heckler,* 765 F.2d 872, 876–77 (9th Cir.1985); *see also Torres v. Secretary,* 845 F.2d 1136, 1138–39 (1st Cir.1988); *Ellis v. Schweiker,* 662 F.2d 419, 419 (5th Cir.1981); *Rios v. Secretary,* 614 F.2d 25, 26 (1st Cir.1980).

There is authority for the proposition that, when a decision has been reopened and reconsidered on the merits to any extent, the Secretary is estopped from asserting *res judicata.* The new decision on the merits is subject to judicial review.[4] Here, however, the Appeals Council did not consider Mrs. Johnson's claim on the merits when it decided not to reopen and applied administrative *res judicata.* The claim was not reopened to any extent. Consequently, the district court correctly concluded that it did not have jurisdiction to review the Secretary's decision. *See Teague v. Califano,* 560 F.2d 615, 618 (4th Cir.1977).

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.

---

4. *See Purter v. Heckler,* 771 F.2d 682, 692 (3d Cir.1985); *Jelinek v. Heckler,* 764 F.2d 507, 508 (8th Cir.1985), cited in *Bolden for Bolden v. Bowen,* 868 F.2d 916, 919 (7th Cir.1989); *Taylor* *for Peck v. Heckler,* 738 F.2d 1112, 1114–15 (10th Cir.1984); *McGowen v. Harris,* 666 F.2d 60, 65–66 (4th Cir.1981); *Farley v. Califano,* 599 F.2d 606, 607–08 (4th Cir.1979).