958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Wayne M. ROBINSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Defendant-Appellee.
 No. 91-1939.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 12, 1992.*
Decided March 23, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 
 ORDER
 
 2
 Wayne M. Robinson appeals from the district court's denial of his motion for summary judgment and affirmance of the decision of the Secretary of Health and Human Services [Secretary]. Mr. Robinson contends that there was not substantial evidence to support the administrative law judge's decision to deny his application for disability benefits. We affirm the decision below.
 
 
 3
 Mr. Robinson applied for disability insurance benefits on May 14, 1986. The Administrative Law Judge [ALJ] found that Mr. Robinson's severe chronic obstructive lung disease, diabetes mellitus, and arthritis were not listed impairments. He also found that, although the claimant could no longer work as a welder, he had the residual functional capacity to perform sedentary work as long as he avoided exposure to temperature extremes and such lung irritants as dust and fumes. Considering Mr. Robinson's age (47), education (fifth grade or marginal education), and nontransferable work experience as a welder, the ALJ applied grid rule 201.18, which directed a conclusion of "not disabled." Furthermore, because the claimant's capacity for sedentary work was not significantly compromised by the nonexertional limitations imposed by his pulmonary impairment, he concluded that Mr. Robinson was not disabled. His decision, issued September 29, 1987, denied the disability benefits sought.
 
 
 4
 Seeking review of that decision by the Appeals Council, Mr. Robinson submitted additional evidence: first, a Goodwill Industries Social History report produced a month after the ALJ's decision, and later a copy of his Goodwill Industries Vocational Evaluation Report. The Appeals Council twice denied review. At that point the ALJ's denial of Mr. Robinson's benefits became the Secretary's final decision.
 
 
 5
 Mr. Robinson sought judicial review of that decision. The district court, adopting the Magistrate Judge's Report, affirmed the Secretary's decision and denied Mr. Robinson's motion for summary judgment. This appeal challenges the sufficiency of the evidence underlying the ALJ's findings that Mr. Robinson had a marginal education and that sedentary unskilled jobs are available for him, based upon the opinion of a vocational expert who was not given all the relevant information about the claimant.
 
 
 6
 Appellate review of the final decision of the Secretary is limited; we must affirm if that decision is supported by substantial evidence in the record, taken as a whole. 42 U.S.C. § 405(g); Anderson v. Sullivan, 925 F.2d 220, 222 (7th Cir.1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Moreover, unless a constitutional challenge is raised, this court has no jurisdiction under § 405(g) to review the Appeals Council's decision not to reopen a case. See Califano v. Sanders, 430 U.S. 99, 107-09, 97 S.Ct. 980, 985-87, 51 L.Ed.2d 192 (1977); Johnson v. Sullivan, 936 F.2d 974, 976 (7th Cir.1991).
 
 
 7
 Mr. Robinson first contends that there is not substantial evidence to support the Secretary's finding that he received a "marginal education." He insists the record provides undisputed evidence that he is illiterate;[1] and by following rule 201.17 of the grid instead of rule 201.18, an illiterate claimant must be found disabled.[2]
 
 
 8
 The undisputed evidence to which the claimant refers is the Evaluation conducted by Goodwill Industries after the ALJ's decision was issued. It reported that Mr. Robinson's performance was measured at a 2.2 grade reading level and 3.5 grade math level, and concluded that he was functionally illiterate. Goodwill's "Social History" also categorized him as functionally illiterate. Mr. Robinson urges this court to consider those evaluations and to follow the holding of the Sixth Circuit in Skinner v. Secretary of Health and Human Services, 902 F.2d 447 (6th Cir.1990), which concluded that Skinner, with similar educational background and test results to Mr. Robinson's, was illiterate and therefore disabled.
 
 
 9
 Our review begins with the recognition that the Goodwill documents were presented to the Appeals Council, not to the ALJ.[3] The Council first declined to review the ALJ's determination by finding substantial evidence for the decision. Noting that the additional evidence submitted was consistent with other evidence in the record, it concluded that there was no basis for changing the ALJ's decision. Mr. Robinson has not alleged, and this court does not find, any abuse of the Appeals Council's discretion in its ruling. When the Council denies review in accordance with its discretion, that decision is not subject to judicial review.[4] Once that denial is made, the ALJ's decision becomes the "final decision of the Secretary" which is reviewed by this court. Damato v. Sullivan, 945 F.2d 982, 988 (7th Cir.1991).
 
 
 10
 Mr. Robinson again submitted evidence, and this time the Appeals Council declined to reopen its decision. After considering the Goodwill Evaluation in light of the vocational expert testimony and the objective findings in the record, it concluded that reopening was not warranted. The Council's decision not to reopen a case is also unreviewable by this court. Johnson, 936 F.2d at 976; Reynolds v. Bowen, 844 F.2d 451, 454 (7th Cir.1988). Our judicial review is thus limited to the "final decision of the Secretary," which is the ALJ's. And as we examine that decision for substantial evidence that Mr. Robinson was marginally educated rather than illiterate, we recognize the limitations of this "unavoidably arbitrary task of classification." Glenn v. Secretary of Health and Human Services, 814 F.2d 387, 391 (7th Cir.1987). Mr. Robinson testified before the ALJ that he attended a rural school in Mississippi through most of the sixth grade, but that his education was interrupted by the demands of the family farm. The claimant described his reading and writing abilities as "very poor" and his math skills as "fair," explaining that he had no problem with adding and subtracting numbers, but that multiplying and dividing was "a little more complicated." The vocational report submitted by Mr. Robinson to the Social Security Administration stated that he completed daily written reports on his work. Based upon this evidence the ALJ determined that Mr. Robinson had received a marginal education.
 
 
 11
 The Social Security regulations "make clear that to be deemed literate you need only to be able to read and write well enough to be able to hold simple, unskilled jobs." Glenn, 814 F.2d at 391 (analyzing 20 C.F.R. § 404.1564(b)). Mr. Robinson could read and write well enough to fill out reports. He did not claim to be illiterate, and his attorney did not emphasize his lack of educational ability. "When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." Id. at 391. We find substantial evidence in the record to support a finding of Mr. Robinson's marginal educational ability. Although a claimant's formal education level may not be a meaningful measure of his abilities when uncontradicted evidence of illiteracy is presented to the ALJ, see Albritton v. Sullivan, 889 F.2d 640, 643 (5th Cir.1989), in this case there is no evidence in the record of Mr. Robinson's inability to read, write or calculate.[5]
 
 
 12
 Mr. Robinson also argues that the ALJ's decision was based on insufficient evidence that he could do another job. The ALJ asked vocational expert Archie Sanders to give his opinion on the number of jobs available for a person "capable of sedentary unskilled work with the exception that he cannot tolerate fumes at least from welding, although he could tolerate whatever fumes were given out by an acetylene torch." Mr. Sanders responded that such a claimant could perform all but perhaps 15 of the 200 sedentary unskilled jobs listed by the Secretary, and that such jobs were present in the national and Indiana economies. Relying on that assessment, the ALJ found that Mr. Robinson's "capacity for the full range of sedentary has not been significantly compromised by his additional nonexertional limitations." The district court upheld that determination, noting that the hypothetical was presented for the limited purpose of determining whether application of the grid was appropriate. Claimant contends that the vocational expert's opinion, given without information concerning the claimant's residual functional capacity, age, education and work experience, cannot constitute substantial evidence of Mr. Robinson's ability to perform other work.
 
 
 13
 This court concludes first that the hypothetical question was not inaccurate. It described the claimant's specific nonexertional impairment and indicated that he had done welding but was now capable only of sedentary unskilled work. In this circuit, all that is required is that the hypothetical question be supported by the medical evidence in the record. Meredith v. Bowen, 833 F.2d 650, 654 (7th Cir.1987). The medical evidence of Mr. Robinson's pulmonary condition clearly established his nonexertional lung limitation. If a hypothetical accurately portrays a claimant's individual impairments, substantial evidence may be produced through reliance on the opinion of the vocational expert in response to that hypothetical. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir.1987); Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir.1984).
 
 
 14
 Mr. Sanders was not presented with the claimant's age or education; however, that omission did not create a materially incomplete hypothetical. Although greater detail of the claimant's impairments is preferable, the limitation of evidence in a hypothetical question is objectionable only if the record does not support the assumed facts. Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989).
 
 
 15
 We note that the ALJ sent the vocational expert's opinion to Mr. Robinson's attorney and asked for comments or additional evidence. No response was tendered. Since Mr. Robinson declined the opportunity to challenge Mr. Sanders' opinion, he gave the ALJ no reason to suppose that it was improper. Id. It is the Secretary's duty, and not the court's, to evaluate the trustworthiness of a vocational expert's testimony. See Sias v. Secretary of Health and Human Services, 861 F.2d 475, 480 (6th Cir.1988). We do not reweigh the evidence, Pugh v. Bowen, 870 F.2d 1271, 1274 (7th Cir.1989), or reconsider credibility determinations made by the ALJ. Imani v. Heckler, 797 F.2d 508, 512 (7th Cir.), cert. denied, 479 U.S. 988 (1986). In this case, the ALJ's decision, which relied only in part on the vocational expert's evidence, was supported by substantial evidence in the record. Herr v. Sullivan, 912 F.2d 178, 181 (7th Cir.1990).
 
 
 16
 Accordingly, this court concludes that the restriction described in the hypothetical accurately portrayed Mr. Robinson's nonexertional limitations and was supported by the record, and the vocational expert's answer to it constituted substantial evidence that jobs were available in the economy for one with Mr. Robinson's impairments. Having also concluded that there is substantial evidence of the claimant's marginal educational level, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 The regulations provide the following definitions of the educational levels at issue herein:
 (1) Illiteracy. Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.
 (2) Marginal education. Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education.
 
 
 [20]
 C.F.R. § 404.1564(b)
 
 
 [2]
 Rule 201.17 establishes that, if a younger individual (age 45-49) has had previous unskilled work experience and is "illiterate or unable to communicate in English," he is disabled. Rule 201.18 pertains to the same age and previous work experience; however, if the individual's education is "limited or less--at least literate and able to communicate in English," he is not disabled. 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 2, Table 1
 
 
 [3]
 It appears that the Appeals Council considered the Social History in its first review of Mr. Robinson's appeal, and the Evaluation in its second, which it treated as a request to reopen the case. Because there was some confusion about the dates on which the evidence was submitted, the Magistrate Judge treated that evidence as part of the complete record properly before the court. This approach was generous to a fault. The record clearly reflects that the Social History was received on January 25, 1988, and the Evaluation on April 14, 1988. Claimant has not offered evidence of an earlier filing. Therefore we find that they were included in the record only as submissions to the Appeals Council which declined to consider them
 
 
 [4]
 Mr. Robinson did not assert that the evidence submitted to the Appeals Council was new and material, or that there was good cause for his failure to produce such evidence into the record in a prior proceeding. Therefore he has waived any claim pursuant to that portion of 42 U.S.C. § 405(g)
 
 
 [5]
 Even had the Goodwill reports been presented to the ALJ, that evidence might still not have changed the result. As Glenn points out, similar cases which turn on their peculiar facts can lead to opposite determinations. Id. at 390. Glenn himself, for example, had completed either the fourth or sixth grade, could pick out only a few words in the newspaper and could read and write only the simplest messages. That was adequate literacy for Glenn's job as a baker's helper, and, the ALJ found, adequate for other unskilled jobs as well. The district court and Seventh Circuit upheld that determination: "[W]hile the case is very close ... we cannot say that his determination was unsupported." Id. at 391-92. When reasonable minds can differ concerning conflicting evidence of disability, the ALJ has the responsibility for that decision. Walker v. Bowen, 834 F.2d 635, 640 (7th Cir.1987). And when the application of definitions in the regulations is judgmental, courts rarely can conclude that the ALJ's finding was not supported by substantial evidence. Glenn, 814 F.2d at 391