**Anton NOVAK, Plaintiff,**

v.

**Louis SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

No. 92 C 2260.

United States, District Court, N.D. Illinois, E.D.

Sept. 17, 1992.

Sheldon S. Gomberg, Law Office of Arthur S. Gomberg, Chicago, Ill., for plaintiff.

Marsha McClellan, Asst. U.S. Atty., for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action arises out of the dismissal of plaintiff Anton Novak's claim for benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416, 423. Presently before the court is the Secretary's motion to dismiss Novak's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, we grant the Secretary's motion to dismiss.

---

## I. Background

The allegations of the complaint and the additional submissions of the parties reveal the following facts. On April 27, 1990, Novak filed for disability and disability insurance benefits, alleging a disability onset date of July 23, 1982. On June 25, 1990, that claim was denied. Despite being notified of his right to reconsideration, Novak did not seek further administrative review and, as such, the June 25, 1990 determination became final.

On March 29, 1991, Novak filed a second application for disability benefits, claiming a disability onset date of March 27, 1982. This petition was denied on April 1, 1991, based on an application of the doctrine of *res judicata*. As was his right, Novak sought a hearing before an Administrative Law Judge ("ALJ"). By order dated December 18, 1991, the ALJ dismissed Novak's request for a hearing on the grounds of *res judicata*. The ALJ reasoned that the "current request for a hearing involves the rights of the same claimant on the same facts and on the same issues which were decided in the final and binding determination dated June 25, 1990, made on the prior application." Novak pursued the matter before the Appeals Council. This request, treated as a request to reopen the June 25, 1990 determination, was denied by order dated March 4, 1992. Novak instituted this action on April 2, 1992, seeking review of the Appeals Council's resolution.

## II. Discussion

■ The gravamen of the Secretary's motion is that this court's jurisdiction is limited to review of "final decisions" pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g),[1] and that the Appeals Council's decision was not a "final decision" for purposes of § 205(g). In the instant case, where there was no hearing on the second application, our inquiry is twofold: (1) whether the denial of a request for a hearing on the basis of *res judicata* constitutes a "final decision" for purposes of § 205(g); and (2) whether the Appeals Council's refusal to reopen the prior resolution constitutes a "final decision" for purposes of § 205(g).

The authority of the ALJ to dismiss a request for a hearing on the basis of *res judicata* is grounded in 20 C.F.R. § 404.-957(c)(1), which provides:

> An administrative law judge may dismiss a request for a hearing under any of the following conditions:
>
> (c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because—
>
> (1) The doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.

Novak does not dispute the ALJ's determination that the second claim was the same as the first for *res judicata* purposes. *Cf. McGowen v. Harris,* 666 F.2d 60, 65 (4th Cir.1981) ("[I]f administrative res judicata has been applied in bar of a subsequent claim which, properly assessed, is not the same for res judicata purposes, jurisdiction to engage in judicial review exists."). Under such circumstances, and in the absence of a constitutional objection to applying res judicata, this court is without jurisdiction under § 205(g) to engage in judicial review of the ALJ's decision to deny Novak's request for a hearing. *See Johnson v. Sullivan,* 936 F.2d 974, 976 (7th Cir.1991) ("[A] decision to apply administrative *res judicata* is a discretionary one not subject to judicial review."); *see also McGowen,* 666 F.2d at 65; *Matos v. Secretary of Health, Educ. & Welfare,* 581 F.2d 282, 286 (1st

---

**1.** This section provides in pertinent part:
Any individual, after any *final decision* of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides....
42 U.S.C. § 405(g) (1991).

Cir.1978) (a *res judicata* dismissal without a hearing was not a "final decision" for purposes of § 205(g)).

 Respecting the Appeals Council's refusal to reopen the prior determination, Novak contends that the Appeals Council applied the wrong standard. The pertinent regulation provides in relevant part:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of notice of the initial determination, for any reason;

(b) Within four years of the date of notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or

(c) At any time if—(1) It was obtained by fraud or similar fault; ....

20 C.F.R. § 404.988. Indeed, it appears that the Appeals Council's reliance on § 404.988(c), requiring a showing of fraud or similar fault, was misplaced. As Novak's request was filed within 12 months of the previous determination, the proper standard for reopening is contained in § 404.988(a). However, Novak's assertion that § 404.988(a) affords him a right to reopening of the earlier decision is erroneous. A plain reading of the regulation reveals that the Secretary is not *compelled* to reopen the previous determination "for any reason." Rather, it states the Secretary *may* reopen the case "for any reason." *See Monger v. Bowen,* 817 F.2d 15, 18 (4th Cir.1987) ("The operative word in § 404.987–88 is 'may.'"). The discretionary nature of this duty is well settled. *See, e.g., Johnson,* 936 F.2d at 976 ("A refusal to reopen ... is a discretionary one...."); *Taylor v. Heckler,* 765 F.2d 872, 877 (9th Cir.1985) ("Once a decision becomes administratively final, the Secretary's decision to reopen a claim is purely discretionary."). As a matter of discretion, the decision not to reopen is not a "final decision" for purposes of § 205(g) and, as such, is not subject to judicial review. *Califano v. Sanders,* 430 U.S. 99, 107–08, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Johnson,* 936 F.2d at 976; *Bolden v. Bowen,* 868 F.2d 916, 918

(7th Cir.1989). Accordingly, we grant the Secretary's motion to dismiss for lack of subject matter jurisdiction.

### III. Conclusion

In the absence of a "final decision" as defined under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this court lacks subject matter jurisdiction over this action. Accordingly, we grant the Secretary's motion to dismiss Novak's complaint. It is so ordered.