4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Birdia CLAYTON, on Behalf of Julian CLAYTON, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-3728.
 United States Court of Appeals, Seventh Circuit.
 Argued May 11, 1993.
Decided Aug. 25, 1993.
 
 Before CUMMINGS, COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Birdia Ruth Clayton applied four times for Social Security benefits on behalf of her son, Julian. Each time her application was denied. The fourth time she sought judicial review of the Agency's decision. The district court determined that it lacked jurisdiction. We dismiss the appeal on the same basis.
 
 I. Facts
 
 2
 On July 18, 1972, Birdia Ruth Clayton gave birth to her son, Julian. The birth record did not identify the father. In August 1981, Floyd Vaughan died in Rockford, Illinois at the age of forty-three. Birdia and Vaughan had never been married, and there were no official records indicating that Vaughan was Julian's father. But in February 1982, Birdia applied for surviving child insurance benefits under the Social Security Act, 42 U.S.C. Sec. 402(d)(1), claiming that Vaughan was Julian's father. She presented several written but unsupported statements from Vaughan's relatives, some of whom claimed to "believe" that Vaughan was Julian's father, while others denied knowledge of his paternity. The Social Security Administration denied Clayton's application for benefits in May 1982, finding the evidence of paternity to be insufficient.
 
 
 3
 The next month, Birdia requested that the Agency reconsider her application. Some of the relatives had changed their story and were willing to represent that Vaughan was Julian's father. Birdia submitted their unsworn statements to the Agency, which again was not convinced. In August 1982, the Agency denied her request for reconsideration, finding the evidence insufficient. The Agency notified Birdia that she had sixty days to appeal the decision to an administrative law judge (ALJ). She did not do so.
 
 
 4
 Almost a year later, Birdia submitted a second application. More relatives and friends were now willing to state that Vaughan was Julian's father. The Agency denied the application on alternative grounds. First, because it made the same claim as the previous application. Second, because Birdia failed to present clear and convincing evidence of Vaughan's paternity. Again, the Agency informed Birdia of her right to pursue an appeal before an administrative law judge within sixty days, and she failed to do so. She did refile for benefits on January 11, 1984, requesting a hearing. The Agency deemed that request to be an appeal of the previous decision, which an ALJ dismissed as untimely.
 
 
 5
 Birdia filed a third application in July 1985 and a fourth application in October 1988. Both applications included several new unsworn statements indicating Vaughan's paternity. The Agency dismissed both applications because they duplicated the previous claims. Clayton filed a timely request for reconsideration of the fourth application, which the Agency denied. Clayton then filed a timely request for a hearing before an ALJ on the fourth application.
 
 
 6
 The ALJ held a hearing in February 1990 to determine whether the doctrine of res judicata barred Birdia's claim. Birdia professed to have new evidence that provided an exception to res judicata. The ALJ asked Birdia's counsel to submit the alleged new evidence. Birdia submitted affidavits from family and friends indicating Vaughan's paternity. On April 24, 1990, the ALJ dismissed Birdia's request for a rehearing. In his decision, the ALJ noted that Birdia's alleged "new evidence" lacked credibility; it consisted mostly of recantations by family and friends of earlier statements denying Vaughan's paternity. Birdia then appealed to the Agency's Appeals Council, which affirmed the ALJ's refusal to recognize an exception to res judicata based on new evidence. Birdia appealed to the district court, which also affirmed the ALJ's decision.[1]
 
 II. Analysis
 
 7
 Each year, the Social Security Administration processes several million claims for benefits. To maximize efficiency and fairness, the claimant is required to steer his claim properly through the administrative and judicial process. First, he must file his claim with the Administration. 20 C.F.R. Secs. 404.900-404.906 (1992). If the claim is denied, he may file for reconsideration. Id. Secs. 404.907-404.913. If the Agency declines to reconsider, the claimant may, within sixty days, seek an evidentiary hearing before an administrative law judge. 42 U.S.C. Sec. 405(b). He may appeal an adverse decision to the Agency's Appeals Council. 20 C.F.R. Secs. 404.967-404.982 (1992). Finally--only after the Agency has made a "final decision"--the claimant may seek federal judicial review of the Agency's determination. 42 U.S.C. Sec. 405(g).
 
 
 8
 Birdia Clayton applied four times for Social Security benefits for her son. Each time her claim was denied. Not until the fourth attempt did she navigate her claim beyond the Agency and seek judicial review. The Agency denied that claim based on res judicata. The district court then concluded that it was without jurisdiction to review the Agency's decision. On appeal we must determine whether we have jurisdiction. Birdia also argues that the Agency denied her "due process"; we also will address that argument.
 
 A. Jurisdiction
 
 9
 In Califano v. Sanders, 430 U.S. 99 (1977), a Social Security claimant filed a claim seeking benefits almost seven years after the Agency had refused an identical claim. An ALJ determined that the second claim was barred by res judicata and also that the claimant did not present the requisite "good cause" for reopening the file. See 20 C.F.R. Sec. 404.988(b). The claimant had never sought judicial review of the denial of his first claim. He did, however, seek judicial review of the ALJ's refusal to consider the merits of his second claim. Ultimately, the Supreme Court determined that it lacked jurisdiction to consider the appeal. The Court recognized Congress' design "to limit judicial review to the original decision denying benefits ... a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." Califano, 430 U.S. at 108.
 
 
 10
 In this case, Clayton's fourth attempt to acquire benefits is repetitive and belated. The regulatory scheme allowed her one chance to obtain federal judicial review--after her first application was denied, assuming that she had properly appealed that denial to an ALJ. Instead, she abandoned her first attempt, and she abandoned two other attempts before finally seeking review by an ALJ, and after that federal judicial review. Under Califano, we are without jurisdiction to consider this matter. See also Johnson v. Sullivan, 936 F.2d 974, 976 (7th Cir.1991) ("[a] refusal to reopen or a decision to apply administrative res judicata is a discretionary one not subject to judicial review.").
 
 B. Constitutional Question
 
 11
 Birdia also makes a constitutional challenge to the Agency's denial of benefits, contending that the Agency failed to provide "due process." We will address that question, because the standard for foreclosing jurisdiction is greater when a constitutional claim is at issue. See Califano, 430 U.S. at 109 ("When constitutional questions are at issue, we will not read a statutory scheme to take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing' evidence.") Essentially, Birdia attacks the procedures by which the Agency denies benefits, claiming that they fail to provide due process. But the Supreme Court has upheld the regulatory scheme by which claimants seek benefits under the Social Security Act. Matthews v. Eldridge, 424 U.S. 319, 340 (1976). Birdia had sufficient opportunity to present the claim to the Agency and therefore she makes no colorable constitutional claim.
 
 III. Conclusion
 
 12
 For the foregoing reasons, we affirm the district court's dismissal of the constitutional challenge, and otherwise dismiss this appeal for lack of jurisdiction.
 
 
 13
 DISMISSED.
 
 
 
 *
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 The district court adopted a comprehensive, thirty-two page Report and Recommendation issued by Magistrate Judge Rebecca R. Pallmeyer. That Report and Recommendation provides detailed analysis of the arguments raised in the district court, and we refer to it in support of our decision