ANCILLARY AFFILIATED HEALTH SERVICES, INCORPORATED, a Wisconsin business corporation, Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary, Department of Health, Defendant–Appellee.

No. 98–1385.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1998.

Decided Nov. 25, 1998.*

Opinion Jan. 28, 1999.

Mark D. Olson (argued), Olson & Associates, Chicago, IL, for Plaintiff–Appellant.

Thomas P. Schneider, Office of United States Attorney, Milwaukee, WI, Kevin E. Martens (argued), United States District Court, Eastern District of Wisconsin, Milwaukee, WI, for Defendant–Appellee.

Before FLAUM, MANION and ROVNER, Circuit Judges.

MANION, Circuit Judge.

Ancillary Affiliated Health Services ("Ancillary") sought an injunction against the Secretary of Health and Human Services, compelling her to make Medicare reimbursement payments, which the Secretary had ordered withheld because of an overpayment to Ancillary. The district court dismissed the case for lack of jurisdiction, holding that Ancillary was required to exhaust its administrative remedies before it could sue in federal district court. Ancillary appeals; we affirm.

Ancillary provides home health services for Medicare beneficiaries, and is reimbursed by the federal government. In June 1997, United Government Services ("UGS"), which administers the reimbursement plan for the federal government, informed Ancillary that in 1996 Ancillary had been overpaid by $183,-237. Ancillary proposed that it repay this

---

* This case was originally decided by unpublished order under Circuit Rule 53. Defendant-appellee thereafter filed a motion to reissue the order as a published opinion pursuant to Circuit Rule 53(d)(3), asserting that the decision involves an issue of continuing public interest. The motion was granted, and the court now reissues this modified decision.

money over eighteen months: $6,300 would be withheld from the approximately $150,000 which the federal government paid Ancillary every month. UGS forwarded this proposal to the United States Health Care Financing Administration ("HCFA"), and while a response was pending, began withholding the $6,300.

On November 3, 1997, UGS notified Ancillary that the proposed repayment schedule had been rejected by HCFA and that UGS would withhold all payments until the entire $183,237 had been recouped. On November 10, UGS withheld 100% of Ancillary's expected payment. Then on November 14, one of Ancillary's two owners, Edith Polzin, pleaded guilty to conspiring to defraud the Medicare program, and nine days later the other owner, Barbara Stefonek, was convicted of the same charges by a jury. Upon the conviction of Polzin, HCFA ordered UGS to cease all payments to Ancillary because of the fraud, but Ancillary did not learn of this until November 21. Rather, three days earlier, Ancillary filed suit in the Eastern District of Wisconsin seeking to compel HCFA to continue payments under the proposed recoupment scheme, whereby only $6,300 would be withheld every month.

Ancillary did not contest the suspension of payments due to fraud (either before the district court or this court), but it does assert that HCFA was obligated to make the November 10 payment of approximately $40,000, because HCFA failed to give Ancillary fifteen days to respond before suspending the November 10 payment.[1] HCFA contended before the district court that Ancillary had failed to exhaust its administrative remedies, and therefore the district court lacked subject matter jurisdiction. The magistrate judge agreed with HCFA and recommended dismissal of the suit. The district

court adopted the magistrate judge's recommendation, and dismissed the case.

■ In this appeal, Ancillary asserts that it did not have to exhaust its administrative remedies, or alternatively, that it met an exception to the exhaustion requirement, thus giving the district court subject matter jurisdiction. Section 405(h) of Title 42 of the United States Code precludes federal question jurisdiction for a "claim arising under" the Medicare Act, except as provided in § 405(g).[2] A claim "arises under" the Medicare Act " 'when both the standing and the substantive basis for the presentation' of the claims" stem from the Medicare Act. *Heckler v. Ringer*, 466 U.S. 602, 615, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 760–61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)).

Ancillary first asserts that it challenges under the Due Process Clause only the procedure used by HCFA, not the substance or merits of its decision. However, the Supreme Court in *Ringer* rejected just such an argument: "The inquiry in determining whether § 405(h) bars federal-question jurisdiction must be whether the claim 'arises under' the Act, not whether it lends itself to a 'substantive' rather than a 'procedural' label." *Id.* at 614–15, 104 S.Ct. 2013 (citing *Mathews v. Eldridge*, 424 U.S. 319, 327, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). Similarly, in *Homewood Professional Care Center Ltd. v. Heckler*, 764 F.2d 1242, 1253 (7th Cir. 1985), we held that "the Medicare Act clearly requires the presentation of all disputes including any and all constitutional questions to the Board." Thus, even characterizing Ancillary's claim as a due process claim does not relieve Ancillary of its obligation to exhaust its administrative remedies under the facts presented in this case. *Compare, Mathews*, 424 U.S. at 330–32, 96 S.Ct. 893.

---

1. *See* 42 C.F.R. § 405.371(a). The 15-day notice requirement, contained in § 405.375(a), is incorporated into § 405.371(a) by virtue of § 405.373(c). UGS initially gave Ancillary a 15-day notice in June 1997. We express no opinion as to whether Ancillary was entitled to another 15-day notice period.

2. 42 U.S.C. § 1395ii renders § 405(h) applicable to the Medicare Act. *Cf. Illinois Council on Long*

*Term Care, Inc. v. Shalala*, 143 F.3d 1072, 1075 (7th Cir.1998) ("§ 1395ii does not affect regulatory challenges that are detached from any request for reimbursement.") (citing *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 497–98, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)). As Ancillary's claim is clearly attached to a request for reimbursement, there is no question that § 1395ii applies.

Ancillary also characterizes its claim as one "wholly collateral" to a claim for reimbursement under the Medicare Act, and therefore, one which does not "arise under" the Medicare Act. This exception to the exhaustion requirement was recognized by the Supreme Court in *Ringer,* 466 U.S. at 618, 104 S.Ct. 2013. We fail to see how Ancillary's claim, which is premised on monies allegedly due under the Medicare Act and relies on administrative regulations pertaining to Medicare, is wholly collateral to the Medicare Act. Rather, we see Ancillary's claim as a claim for reimbursement, and in *Homewood* we found that such a claim arose under the Medicare Act. 764 F.2d at 1249 ("Homewood's claim that the individual defendants wrongfully continue to withhold funds due them is, in effect, a claim for payment under the Act.... Because attempts to expedite recovery under the Act arise under the Act, these claims are barred from the federal courts" until the Secretary has issued a final decision). We see no meaningful distinction between Homewood's claim that the defendants wrongfully withheld funds, and Ancillary's claim that the Secretary failed to issue a notice required by her regulations. Both claims seek to recover funds under the Act; both claims involve alleged due process violations. Accordingly, we hold that Ancillary's claim arises under the Medicare Act, and therefore, it must obtain a final decision from the Secretary before suing in federal court.

Ancillary agrees that if its claim for benefits is not " 'collateral' to a claim for Medicare benefits," then "Judge Curran's decision is correct." Appellant's Reply Br. at 5. Ancillary's claim is a claim for reimbursement which arises under the Medicare Act. For these reasons and for the reasons set forth in the opinion of the district court and the recommendations of the magistrate judge, we Affirm the dismissal of this case for lack of subject matter jurisdiction.