**DYNA CARE HOME HEALTH, INC., Plaintiff,**

**v.**

**Donna E. SHALALA, Secretary, U.S. Department of Health and Human Services, Defendant.**

No. 98 C 0268.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 17, 1999.

Ronald Scott Mangum, Mangum, Smietanka & Johnson, LLC, Chicago, IL, for Plaintiff.

Scott R. Lassar, Daniel E. May, United States Attorney's Office, Chicago, IL, Frank W. Hunger, Sheila M. Lieber, Andrea G. Cohen, United States Department of Justice, Civ. Div.-Federal Programs Branch, Washington, D.C., Sheree Kanner, Henry R. Goldberg, Lawrence J. Harder, Department of Health & Human Services, Office of General Counsel, Baltimore, MD, of counsel, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Donna Shalala's motion for remand. For the following reasons, the court grants defendant's motion and remands this case to the Secretary of the United States Department of Health and Human Services.

## I. BACKGROUND [1]

This case arises under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, which is commonly referred to as the Medicare Act. Plaintiff Dyna Care Home Health, Inc. ("Dyna Care") is a corporation which provides home health care services in Illinois, Indiana, and Michigan. Dyna Care participates in the Medicare program as a "provider" of home health services to Medicare beneficiaries. Dyna Care is suing defendant Donna Shalala in her official capacity as Secretary of the United States Department of Health and Human Services ("the Secre-

1. The following recitation of facts is taken from the complaint, the administrative record, and the parties' other submissions, which is an appropriate action given that the court must consider whether subject matter jurisdiction in fact exists over this case. *See Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir.1993).

2. The Secretary has delegated responsibility for the administration of the Medicare program to the Health Care Financing Administration ("HCFA").

tary"). The Secretary is the federal officer responsible for the administration of the Medicare program.[2]

Under the Medicare program, certain qualified health care providers, such as Dyna Care, may obtain reimbursement from the Secretary for the reasonable costs of treating Medicare patients. To obtain reimbursement, the provider prepares a cost report at the end of its fiscal year.[3] The cost report details the services rendered Medicare patients by the provider during the year and requests reimbursement for those services. 42 C.F.R. § 405.1801(b). The provider then submits the cost report to a "fiscal intermediary," which acts as an agent of the Secretary and is usually a private entity such as an insurance company. 42 U.S.C. § 1395h.

After receiving the provider's cost report, the fiscal intermediary audits the report to determine the amount of Medicare reimbursement due for the fiscal year. After determining the amount of reimbursement, the fiscal intermediary issues a Notice of Program Reimbursement ("NPR"), which sets forth the total amount of reimbursement due the provider and individually lists the expenses allowed and disallowed. 42 U.S.C. § 1395h; 42 C.F.R. §§ 421.103; 413.20; 413.60; 405.1803.

If the provider is dissatisfied with the NPR, the provider may appeal to the Provider Reimbursement Review Board ("PRRB") within 180 days if the amount in controversy is $10,000 or more. 42 U.S.C. § 1395oo(a). The PRRB may affirm, modify, or reverse the fiscal intermediary's final determination. 42 U.S.C. § 1395oo(d); *see also* 42 C.F.R. § 405.1841. The PRRB's decision is final unless the Secretary reverses, affirms, or modifies the decision within sixty days. 42 U.S.C. § 1395oo(f)(1).

3. The Balanced Budget Act of 1997, P.L. 105–33, 111 Stat. 251, 467–68 (1997), changed the system of reimbursement with respect to the timing of payments to the providers. However, the old system of reimbursement applies in this case because the events giving rise to this cause of action occurred prior to the institution of the new system.

**1098**

If the provider remains dissatisfied, it may seek review in the appropriate United States District Court within sixty days of the issuance of the final decision, whether that decision comes from the PRRB or the Secretary. 42 U.S.C. § 1395oo(f). In addition, a provider can seek judicial review of any action of a fiscal intermediary involving a question of law or a challenge to a regulation whenever the PRRB determines, on its own motion or by motion of the provider, that it is without authority to decide the question. 42 U.S.C. § 1395oo(f)(1).

In this case, Dyna Care is seeking reimbursement for interest expenses incurred during its fiscal years of 1989–94. The interest expense was interest paid to shareholders of Dyna Care and their relatives who had loaned money to Dyna Care. Under applicable Medicare regulations, interest expense on current indebtedness is an allowable cost if it is deemed to be "necessary and proper." 42 C.F.R. § 413.153.

The fiscal intermediary denied reimbursement for the interest expense based on its interpretation of subsection (c)(1) of § 413.153. Section 413.153(c)(1), which is known as the related party borrowing rule, provides that "to be allowable, interest expense must be incurred on indebtedness established with lenders or lending organizations not related through control, ownership, or personal relationship to the borrower." The fiscal intermediary determined that the regulation on its face precluded Dyna Care from being reimbursed for the interest expense because the loans were made by Dyna Care's shareholders and their relatives. The fiscal intermediary did not determine whether the interest expenses were otherwise "necessary and proper."

Dyna Care appealed the fiscal intermediary's decision on the interest expense for fiscal years 1989–94, along with several other issues related to reimbursement, to the PRRB. In October of 1997, Dyna Care asked the PRRB to authorize expedited judicial review on the issue of "the allowability of related party interest under the regulations." As a part of the request for expedited judicial review, Dyna Care and the fiscal intermediary stipulated that (1) the fiscal interme-

diary had disallowed the interest expenses claimed for fiscal years 1989–94 based on the fiscal intermediary's interpretation of § 413.153(c)(1); (2) the lenders of the loans for which the interest was disallowed during those years were related to Dyna Care through "control, ownership, or personal relationship"; and (3) "the position of the Health Care Financing Administration is clear on its face from the quoted regulation, and it is the parties' belief that the Board does not have the authority to override or change that regulation." (Admin. R. at 5–6.)

In November of 1997, the PRRB found that

1. the Board has jurisdiction over the matter for the subject years and, therefore, the Provider was entitled to a hearing before the Board; and

2. based upon the Provider's assertions, there are no findings of fact for resolution before the Board; and

3. the Board is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4. the Board is without authority to decide the legal question of whether the Medicare regulation governing the interest expense on loans related to parties (42 C.F.R. § 413.153(c)(1)) is valid.

(*Id.* at 1–2.) The Board then granted Dyna Care's request "for expedited judicial review for the interest expense on loans to related parties issue for the subject years." (*Id.* at 2.)

On January 16, 1998, Dyna Care filed suit in this court. After Dyna Care filed suit, the Secretary and Dyna Care reached an agreement that the related party borrowing rule is not a per se bar to Medicare reimbursement for Dyna Care's interest expenses. (Def.'s Memo. at 1; Pl.'s Resp. at 6.) Accordingly, the parties agreed that the interest expenses are allowable if they were "necessary and proper," notwithstanding the fact that the loans were made by related parties. (Def.'s Memo. at 8.) Agreeing that the fiscal intermediary made an error in applying the regulation and that the fiscal intermediary had never determined whether the interest expenses were otherwise "necessary and prop-

er," the parties requested a ninety-day stay of proceedings in this court for the fiscal intermediary to determine whether the interest expenses were "necessary and proper." The court granted the stay, giving the parties a chance to resolve the dispute between themselves.

The parties were unable to resolve the dispute because the fiscal intermediary determined that only $117,305 of the $468,063.02 claimed interest expenses was "necessary and proper." Accordingly, the court had the parties appear for a status hearing. At that hearing, the Secretary filed this motion for remand.

## II. *DISCUSSION*

In her motion for remand, the Secretary argues that this case should be remanded because this court does not have subject matter jurisdiction over the issue of whether the claimed interest expenses were "necessary and proper" ("the necessary-and-proper issue"), which is the only remaining issue in this case. The Secretary contends that this court does not have jurisdiction over this issue via the PRRB's grant of expedited judicial review because that "narrow grant of jurisdiction" only allowed the court to consider the legal question of whether § 413.153(c)(1) is valid, which is no longer at issue in this case. The Secretary contends that Dyna Care must exhaust its administrative remedies with respect to the necessary-and-proper issue before it is entitled to judicial review of this issue.

Dyna Care opposes the motion for remand. Dyna Care argues that this court has subject matter jurisdiction over the necessary-and-proper issue via the PRRB's grant of expedited judicial review pursuant to 42 U.S.C. § 1395oo(f). Dyna Care contends that the court should make a de novo determination as to whether the interest expenses were necessary and proper. (Pl.'s Resp. at 8.)

Before addressing the parties' arguments, the court must specify what is not in dispute in this case. First, there is no dispute as to the fact that the legal issue on which expedited judicial review was based (i.e., whether § 413.153(c)(1) is valid) has been resolved. The Secretary has conceded that the regula-

tion is not a per se bar against recovery of the interest expenses in this case and that the fiscal intermediary erred in interpreting and applying the regulation. Second, the parties agree that the only possible basis for subject matter jurisdiction is the expedited judicial review provision of § 1395oo(f). Dyna Care's only asserted basis for subject matter jurisdiction is the expedited judicial review provision of § 1395oo(f); Dyna Care does not, and cannot, assert that this court has subject matter jurisdiction over the case pursuant to either 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1361 (the mandamus statute), or any other provision of the United States Code. *See Heckler v. Ringer,* 466 U.S. 602, 614–17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Ancillary Affiliated Health Servs., Inc. v. Shalala,* 165 F.3d 1069, 1069–70 (7th Cir.1999). Finally, there is no dispute that Dyna Care has not exhausted its administrative remedies with respect to the fiscal intermediary's determination that Dyna Care should be reimbursed for only $117,305 of the $468,063.02 claimed interest expenses.

Having clarified what is not at issue, the court must specify what is at issue in this case. The precise issue before the court is whether the court has subject matter jurisdiction over the necessary-and-proper issue via the PRRB's grant of expedited judicial review given that the legal issue on which expedited judicial review was granted has been resolved. The parties did not cite, and the court's research did not reveal, any case addressing this issue. Thus, this is a case of first impression.

### A. *Subject matter jurisdiction under the expedited judicial review provision of § 1395oo(f)*

To determine whether the court has subject matter jurisdiction over the necessary-and-proper issue pursuant to the expedited judicial review provision of § 1395oo(f), the court must first look to the language of § 1395oo(f). If the language of a statute is clear, then the "plain meaning" of the statute decides the issue before the court. *Bethesda Hosp. Ass'n v. Bowen,* 485 U.S. 399, 403, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988). In perti-

nent part, the expedited judicial review ("EJR") provision of § 1395oo(f) reads:

> Providers shall also have the right to obtain judicial review of ***any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy*** whenever the Board determines (on its own motion or at the request of a provider of services . . . ) that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received.

42 U.S.C. § 1395oo(f) (emphasis added).

■ What is clear from the statute is that § 1395oo(f) permits review not only of the question of law or regulation which the PRRB certified that it could not decide, but also of the underlying "action of the fiscal intermediary." *See Hospital Ass'n of R.I. v. Secretary of Health & Human Servs.*, 820 F.2d 533, 538 (1st Cir.1987). What is not clear from the statute is what constitutes the "action of the fiscal intermediary" in this case which the court is permitted to review.

How broadly or narrowly one defines the phrase "action of the fiscal intermediary" will determine the scope permissible judicial review. If one were to define "action of the fiscal intermediary" broadly, the "action of the fiscal intermediary" in this case was the action of disallowing the interest expense. In such a case, the statute arguably grants the court subject matter jurisdiction to determine whether the fiscal intermediary should have allowed reimbursement for the interest expenses. If that were so, the court would be permitted to make a de novo determination of the necessary-and-proper issue once it has determined that the fiscal intermediary erred in denying reimbursement based solely on § 413.153(c)(1) so that the court can determine whether the fiscal intermediary should have disallowed the interest expense.

If one were to define "action of the fiscal intermediary" more narrowly, the "action of the fiscal intermediary" in this case was the action of denying the interest expenses based on the fiscal intermediary's (now undisputedly improper) interpretation and application of § 413.153(c)(1). If "action" were so defined,

arguably the court's review would be limited to whether the fiscal intermediary erred in denying the interest expense based solely on § 413.153(c)(1) either because the regulation was invalid on its face or as applied. In such a case, the court's review would end once it determined whether the fiscal intermediary's action in denying the interest expenses based solely on § 413.153(c)(1) was proper.

■ While the statute itself does not provide guidance on how broadly or narrowly the court should define "action of the fiscal intermediary," the regulations do provide guidance. Subsection (h)(1) of 42 C.F.R. § 405.1842 provides that the PRRB's decision that it lacks authority to decide the question of law permits the provider "to seek judicial review with respect to the matter or matters in controversy ***contained in the determination.***" 42 C.F.R. § 405.1842(h)(1) (emphasis added). Subsection (g)(2) provides:

> If there are factual or legal issues in dispute on an issue within the authority of the Board to decide, the Board will not make an expedited review determination on the particular issue but will proceed with a hearing. The Board has the authority to decide when two or more issues are sufficiently related to preclude separation for purposes of an expedited review determination on one or more of them and a hearing on the other or others.

42 C.F.R. § 405.1842(g)(2). Together, these two subsections explain that it is the PRRB's determination in the case that decides what issues are before the court on expedited judicial review. *See Bethesda*, 485 U.S. at 406, 108 S.Ct. 1255 (explaining that the PRRB "has a role in shaping the controversy that is subject to [expedited] judicial review"). These regulations also show that when the controversy before the PRRB involves multiple issues, the PRRB can grant expedited judicial review with respect to certain issues but should not grant expedited judicial review on those issues which are within the PRRB's authority to decide.

In this case, Dyna Care requested the PRRB to "determine that it lacks authority to decide the allowability of related party

interest under [42 C.F.R. § 413.153(c)(1) ]" and requested that the PRRB "grant expedited review of the issue of interest expense on loans to related parties." (Admin. R. at 5–6.) In response to that request, the PRRB determined, *inter alia*, that it was "without authority to decide the legal question of whether the Medicare regulation governing the interest expense on loans related to related parties (42 C.F.R. § 413.153(c)(1)) is valid"[4] and, accordingly, granted "expedited judicial review for the interest expense on loans to related parties issue for the subject years." (Admin. R. at 2.)

Based on the PRRB's above determination, the court finds that the PRRB granted expedited judicial review only on the issue of whether § 413.153(c)(1) prevented Dyna Care from being reimbursed for the interest expenses from the related parties. Thus, the "action of the fiscal intermediary" which is subject to judicial review in this case is the fiscal intermediary's action of disallowing the interest expenses based on its incorrect interpretation and application of § 413.153(c)(1). The PRRB's determination does not grant the court subject matter jurisdiction over the necessary-and-proper issue.

The Secretary interprets the EJR statute and regulations as allowing the court only to review the "challenge to the legal validity of Medicare's related party borrowing rule." (Def.'s Reply at 1.) Thus, the court's interpretation of the EJR statute and regulations is in accord with the Secretary's interpretation. *See Hinsdale Hosp. Corp. v. Shalala,* 50 F.3d 1395, 1399 (7th Cir.1995) (explaining the substantial deference that must be given to the Secretary's interpretation of the Medicare regulations); *Loyola Univ. of Chicago v. Bowen,* 905 F.2d 1061, 1066–67 (7th Cir.1990) (same); *Edgewater Hosp., Inc. v. Bowen,* 857 F.2d 1123, 1130 (7th Cir.1988) (explaining that the court should accord less deference to the Secretary's actions under the Medicare Act's reimbursement provisions); *see also French Hosp. Med. Ctr. v. Shalala,* 89 F.3d 1411, 1416 n. 6 (9th Cir.1996) (deferring to the Secretary's interpretation of regulations

with respect to a jurisdictional issue). The court must emphasize, however, that it would have reached the same conclusion (i.e., that it does not have subject matter jurisdiction over the necessary-and-proper issue) regardless of whether it interpreted the EJR statute and regulations de novo or accorded the Secretary's interpretation the deference that it deserved in this case.

Having determined that the court only has subject matter jurisdiction to review the fiscal intermediary's action in denying the interest expense based on § 413.153(c)(1), the court now reviews that action. However, there is no longer anything for the court to review. The parties have resolved the issue between themselves. The Secretary has conceded that the fiscal intermediary's action of disallowing the interest expense solely because the loans were from related parties was an error of law. Thus, because it is undisputed that the fiscal intermediary erred, the proper action at this juncture is for the court to remand the case to the Secretary. *See South Prairie Constr. Co. v. Local No. 627, Int'l Union of Operating Eng'rs,* 425 U.S. 800, 806, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976) (holding that the function of the reviewing court ends when the administrative agency's error on the legal issue is laid bare); *Federal Power Comm'n v. Idaho Power Co.,* 344 U.S. 17, 20, 73 S.Ct. 85, 97 L.Ed. 15 (1952) (explaining that the "guiding principle" of judicial review of an administrative action is that "the function of the reviewing court ends when an error of law is laid bare"); *Chicago & N.W. Transp. Co. v. United States Commerce Comm'n,* 574 F.2d 926, 930 (7th Cir.1978) (stating the rule that "ordinarily a court may not direct an administrative agency to reach a particular result but may only determine an error of law and remand to the administrative agency for further proceedings").

Dyna Care argues that remanding the case to the PRRB would "frustrate the very intent of Congress in permitting providers to by-pass 'pointless administrative litigation.'"

---

4. Dyna Care contends that the PRRB's "determination" was "that it lacked jurisdiction to consider the Provider's claims for reimbursement for interest." (Pl.'s Resp. at 3.) That is too broad of a statement of what the PRRB determined. The PRRB specifically determined that "it lack[ed] the authority to decide the allowability of related party interest under [42 C.F.R. § 413.153(c)(1)]."

(Pl.'s Resp. at 5.) The court disagrees. Remanding the case at this stage of the litigation would serve both the purpose of the EJR provision and the congressional intent of requiring the majority of Medicare reimbursement claimants to exhaust their administrative remedies before obtaining judicial review. The court's resolution furthers the purpose of the EJR provision because expedited judicial review was granted with respect to the legal issue that the PRRB was unable to decide. *See Total Care, Inc. v. Sullivan,* 754 F.Supp. 1097, 1104 (W.D.N.C. 1991) (citing H.R. REP. No. 96–1167, *reprinted in* 1980 U.S.C.C.A.N. 5526, 5757) (explaining that the "purpose of the EJR provision was solely to expedite the resolution of legal controversies in Medicare reimbursement appeals that the Board was unable to hear"). Yet, the court's resolution does not undermine the exhaustion requirement because exhaustion is still required of those issues which are within the PRRB's authority to decide.

Finally, Dyna Care expresses its concern that if the case were remanded to the Secretary, the PRRB could then again, on its own motion, determine that "because of the Secretary's regulations, it does not have jurisdiction to award interest expense reimbursement to Dyna Care, and therefore again grant expedited judicial review." (Pl.'s Resp. at 6.) The Secretary, however, has stated that after the case is remanded back to her, she will "remand the matter back to the PRRB with instructions not to apply the related party borrowing regulation in this case." (Def.'s Reply at 9.) Accordingly, the validity of § 413.153(c)(1) will no longer be at issue at all. Because the Secretary has conceded that § 413.153(c)(1) does not preclude reimbursement in this case, the court agrees with the Secretary that Dyna Care's concern that the PRRB will again grant expedited judicial review with respect to the related party borrowing rule is unfounded.

### B. *Exhaustion of administrative remedies*

Having determined that the court does not have subject matter jurisdiction over the necessary-and proper issue via the PRRB's grant of expedited judicial review, the court must consider whether it has jurisdiction over the fiscal intermediary's determination that only $117,305 of the $468,063.02 claimed interest expenses was allowable because it was necessary and proper. The Secretary argues that the court does not have jurisdiction to review this determination because Dyna Care has not exhausted its administrative remedies with respect to this determination.

In this case, there is no dispute that neither the Secretary nor the PRRB has ever reviewed the fiscal intermediary's determination. As such, that determination is not a "final" decision which is subject to judicial review at this time. *Martin v. Shalala,* 63 F.3d 497, 503 (7th Cir.1995) ("That final agency ruling by the Secretary is 'central to the requisite grant of subject matter jurisdiction.'"). Dyna Care must exhaust its administrative remedies with respect to this determination before obtaining judicial review.

It is true that the requirement of exhaustion of administrative remedies is waivable under certain limited situations. *Martin,* 63 F.3d at 504. The requirement of exhaustion may be waived "if it would be futile, that is, if there is no reasonable prospect that the applicant could obtain any relief by pursuing them." *Health Equity Resources, Urbana, Inc. v. Sullivan,* 927 F.2d 963, 965 (7th Cir.1991). The requirement of exhaustion may also be waived if the plaintiff's claim is "collateral to the claim for benefits and ... if requiring exhaustion would cause irreparable harm." *Marcus v. Sullivan,* 926 F.2d 604, 614 (7th Cir.1991).

In this case, however, Dyna Care has made no serious argument that exhaustion should be waived. Dyna Care has made no argument or showing that exhaustion would be futile or would cause irreparable harm. Further, Dyna Care does not, and could not, claim that its claims in this case are substantially collateral to its claim for Medicare benefits.

Dyna Care argues that exhaustion is not required because the PRRB granted expedited judicial review on Dyna Care's claim. However, as previously explained, the court

does not have subject matter jurisdiction over the issues that remain between the parties via the expedited judicial review provision. The grant of expedited judicial review authorized this court to review the fiscal intermediary's action in denying reimbursement solely because the loans were made by related parties. The grant of expedited judicial review does not authorize this court to make its own de novo determination of whether the interest expenses were necessary and proper or to review the fiscal intermediary's determination when that determination has neither been appealed to nor reviewed by the PRRB.

Dyna Care also generally argues that "further delay in this case denies justice to the plaintiff." (Pl.'s Resp. at 10.) Dyna Care contends that it has missed business opportunities because it has had to wait for reimbursement. This is a generic argument that could be made in most Medicare reimbursement cases; thus, ignoring the exhaustion requirement based on this argument would create a new exception to the exhaustion requirement which would swallow the rule of exhaustion whole. Further, this is not one of those cases where the purposes underlying exhaustion would not be served by requiring exhaustion. *See Bowen v. City of N.Y.,* 476 U.S. 467, 484, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (explaining that the decision of whether to waive exhaustion must be "guided by the policies underlying the exhaustion requirement"); *see also Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (explaining that the purposes of exhaustion are to "prevent[ ] premature interference with agency processes"; to allow the agency "an opportunity to correct its own errors"; "to afford the parties and the courts the benefit of [the agency's] experience and expertise"; and "to compile a record which is adequate for judicial review"). Quite simply, this case does not involve one of those limited circumstances in which the exhaustion requirement should be ignored. *See Heckler v. Ringer,* 466 U.S. 602, 627, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (explaining that Congress requires exhaustion even though there might be "cases of individual hardship resulting from delays in the administrative process").

On the issue of delay, however, there is one final matter that the court must address. The Secretary has represented to the court that the PRRB can grant Dyna Care a hearing date within four months of the date of remand. The court expects the Secretary to fulfill this promise.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendant Donna Shalala's motion for remand. Accordingly, the court dismisses this case for lack of subject matter jurisdiction and remands it to the to the Secretary of the United States Department of Health and Human Services for further proceedings consistent with this opinion.