**SUNRISE HEALTHCARE CORPORATION, d/b/a SunRise Care and Rehabilitation for University, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. 99–CV–163–WDS.**

United States District Court, S.D. Illinois.

May 6, 1999.

Michael A Reiter, Holleb & Coff, Chicago, IL, for plaintiff.

Laura J. Jones, Assistant United States Attorney, Fairview Heights, IL, for defendant.

### MEMORANDUM AND ORDER

STIEHL, District Judge.

This matter is before the Court on defendant's motion to dismiss and plaintiff's cross motion for summary judgment.

### BACKGROUND

SunRise Healthcare Corporation, d/b/a SunRise Care and Rehabilitation for University (SunRise) operates a 122 bed nursing facility in Edwardsville, Illinois. SunRise Healthcare Corporation operates approximately 420 nursing home facilities across the country. This case arises from action taken by the Secretary of the Department of Health and Human Services against SunRise to terminate its participation in Medicare programs after various deficiencies were found by the Illinois Department of Public Health as a result of a series of inspections at SunRise.

On February 18, 1999, the Secretary notified SunRise that the Department was terminating SunRise's participation in Medicare and Medicaid programs effective March 8, 1999, unless the facility resumed "substantial compliance" by that date. SunRise then sought temporary injunctive relief from this Court, and a temporary restraining order was entered on March 5, 1999, and was extended by consent of the parties until May 7, 1999. The Secretary now seeks to dismiss this action for lack of jurisdiction. SunRise has filed its response to the motion to dismiss and a motion for summary judgment.

### ANALYSIS

#### A. THE PROGRAMS AND CERTIFICATION

Medicare is a federally-administered program which provides funding for medical services for qualified individuals. Medicaid, which receives federal funding, is a state-administered program, designed to provide funding for medical services for persons who qualify based on need. Both programs, established in 1965, include nursing home services among those services which are eligible for participation under the Acts. The federal and state governments pay the facilities directly for services rendered to covered individuals. Both programs require certification, based in part on periodic on-site surveys in which the recipient institution must meet a number of health and safety requirements. The Secretary of Health and Human Services has delegated her responsibility for administering Medicare to the Health Care Financing Administration. In return for receipt of federal funds, a state must administer its Medicaid program in accordance with the federal statutory and regulatory requirements. The federal requirements also include periodic on-site surveys by health care professionals. 42 U.S.C. § 1395aa. In Illinois, the certification surveys are carried out by the Illinois Department of Public Health.

The Illinois Department of Public Health conducted six on-site surveys of SunRise over a five month period from August 27, 1998 to February 9, 1999. On each survey, SunRise was found to be not in compliance with the requirements of 42 U.S.C. § 1395 et seq. for a skilled nursing facility under the Medicare Act, or a nursing facility under the Medicaid Act, 42 U.S.C. § 1396 et seq. Following each visit, the facility was provided with a Statement of Deficiencies setting forth the requirements which were not satisfied. Following each survey, SunRise advised the Illinois Department of Public Health that it had remedied the deficiencies, but on each of the occasions when the Illinois

Department of Public Health returned to the facility, it found that either the deficiencies had not been remedied, or that the facility was not in compliance with other participation requirements.

On February 18, 1999, the Health Care Financing Administration notified Sunrise that it was imposing certain enforcement remedies and was terminating SunRise's participation in the Medicare program effective March 8, 1999. The notice indicated that Medicare payments for residents admitted before March 5, 1999, would continue for 30 days. The Health Care Financing Administration notified SunRise that it could seek administrative review, and also could reapply to participate in the Medicare program if it took appropriate steps to come into compliance with the participation requirements. As a result of the termination of the Medicare participation, the Health Care Financing Administration also notified the state of Illinois that it would continue its financial participation in Medicaid payments for 30 days if the state made reasonable efforts to transfer the residents to another facility. The plaintiff sought the temporary restraining order, currently in effect, on March 5, 1999.

## B. JURISDICTION.

The Secretary seeks dismissal of this action on the grounds that 42 U.S.C. § 405(h), as incorporated by 42 U.S.C. § 1395ii, precludes the Court's exercise of jurisdiction over this matter under 28 U.S.C. § 1331, because plaintiff's claims "arise under" the Medicare Act which requires administrative exhaustion under 42 U.S.C. § 405(g). The Supreme Court stated in *Heckler v. Ringer*, 466 U.S. 602, 606, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984): "Pursuant to her rulemaking authority, see 42 U.S.C. §§ 1395hh, 1395ii (incorporating 42 U.S.C. § 405(a)), the Secretary has provided that a 'final decision' is rendered on a Medicare claim only after the individual claimant has pressed his claim through all designated levels of administrative review." The Secretary asserts that absent this final review, this Court is without

jurisdiction to consider the merits of plaintiff's claims.

SunRise, in its response, agrees with the Secretary that this Court does not have jurisdiction at this time to address the *merits* of the Secretary's determination of the alleged deficiencies, and states that it has sought administrative review of those determinations. SunRise asserts, however, that this Court does have jurisdiction to rule on the specific claims raised in this action—that absent a finding of immediate jeopardy, the Secretary does not have the authority under the statute to terminate SunRise from eligibility for Medicare and Medicaid payments. SunRise characterizes this determination as one which relates only to the "authority" of the Secretary and failure to follow procedure, and not as a benefits determination that would fall under the exhaustion requirements of 42 U.S.C. § 405(g) and (h).

SunRise, therefore, claims that the issues raised in this case are "wholly collateral" to any benefits issue. Indeed, SunRise must so characterize its claims in order to meet a recognized exception to the exhaustion provisions of § 405. In *Bowen v. City of New York*, 476 U.S. 467, 483, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), the Supreme Court acknowledged an exception to the exhaustion requirements of § 405 as noted in the Court's decision in *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The Court stated that the "final decision" requirement consists of:

> two elements, only one of which is purely "jurisdictional" in the sense that it cannot be waived by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The non-waivable element is the requirement that a claim for benefits shall have been presented to the Secretary.

The *Bowen* Court recognized that in *Eldridge*, the Court had determined that the "constitutional challenge brought there

was 'entirely collateral to [a] substantive claim of entitlement.' [424 U.S. at 330, 96 S.Ct. 893.] Second, the claim rested 'on the proposition that full relief cannot be obtained at a postdeprivation hearing.' [*Id.* at 331, 96 S.Ct. 893.]" 476 U.S. at 483, 106 S.Ct. 2022. In another decision addressing the exhaustion provisions of § 405, the Supreme Court noted that there is a difference between review of "amount determinations," which require exhaustion, and "challenges to the validity of the Secretary's instructions and regulations." *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 680, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). In order to avoid the administrative exhaustion jurisdictional bar, plaintiff has attempted to draft this complaint to fall within one of these recognized exceptions.

Before proceeding, it is important to review the controlling statutes, which provide in pertinent part as follows:

**§ 405. Evidence, procedure, and certification for payments (g) Judicial review**

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Subsection (h) provides:

The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the

Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 on any claim under this subchapter.

Section 1395ii makes § 405 applicable to Medicare Act cases "to the same extent as" that section applies to Social Security disability cases.

■ The Secretary asserts that this Court is without jurisdiction over this action because it "arises under" the Medicare Act, and is therefore barred by the provisions of § 405(g) and (h). SunRise does not contest that it has not exhausted its administrative remedies, nor that it has not received a final decision of the Secretary. Rather SunRise asserts that it is not subject to this jurisdictional bar because the issue raised here does not go to the merits of the Secretary's findings, but rather to the Secretary's authority to terminate its Medicare participation and the specific procedures followed by the Secretary as part of that termination decision. Notably, plaintiff does not raise a constitutional challenge to the statute or regulations it asserts that the Secretary did not follow, rather plaintiff qualifies this as solely an attack on the Secretary's failure to comply with the provisions of the Act.

Plaintiff asserts that, although this Court cannot address the merits underlying the Secretary's decision to terminate SunRise from the program, the Court can look to whether SunRise complied with the statutory provisions of the Act in making the termination decision. In part, plaintiff relies on language in *Michigan Academy,* where the Court addressed the exhaustion requirements for a "challenge to the Secretary's instructions and regulations" under Part B of the Medicare program. In rejecting the exhaustion requirement in that case, the Court stated "We ordinarily presume that Congress intends the execu-

tive to obey its statutory commands, and accordingly, that it expects the courts to grant relief when an executive agency violates such a command." 476 U.S. at 681, 106 S.Ct. 2133. Although the Court recognizes that there are instances where a claim brought about the enforcement or application of a regulation or statute would, indeed, be "wholly collateral," to any benefits claim, the facts of this case simply do not allow the plaintiff's challenge to the Secretary's authority or procedure to be anything other than a claim which "arises under" the Act.

■ In a recent opinion, the Seventh Circuit reasserted the controlling standard in this Circuit: "A claim 'arises under' the Medicare Act 'when both the standing and the substantive basis for the presentation of the claims' stems from the Medicare Act." *Ancillary Affiliated Health Services, Inc. v. Shalala,* 165 F.3d 1069, 1070 (7th Cir.1998), *quoting Heckler v. Ringer,* 466 U.S. 602, 615, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (*quoting Weinberger v. Salfi,* 422 U.S. 749, 760–61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). Here, plaintiff's standing and substantive claims are specifically derived from the Medicare Act. Plaintiff claims that the Secretary did not properly apply certain provisions of the Act, and therefore, has improperly determined to terminate SunRise from further participation.

Similar to the assertion of SunRise, the plaintiff in *Ancillary Affiliated Health Services* asserted that it was only challenging the *procedure* used by the Health Care Financing Administration, and was not challenging the merits of any decision. The court held, however, that the Supreme Court in *Ringer* rejected this type of argument. "The inquiry in determining whether § 405 bars federal-question jurisdiction must be whether the claim 'arises under' the Act, not whether it lends itself to a 'substantive' rather than a 'procedural' label." 466 U.S. at 614–15, 104 S.Ct. 2013, *quoted in Ancillary Affiliated Health Services, 165 F.3d at 1070.* Further:

Ancillary also characterizes its claim as one "wholly collateral" to a claim for reimbursement under the Medicare Act, and therefore, one which does not "arise under" the Medicare Act. This exception to the exhaustion requirement was recognized by the Supreme Court in *Ringer.* We fail to see how Ancillary's claim, which is premised on monies allegedly due under the Medicare Act and relies on administrative regulations pertaining to Medicare, is wholly collateral to the Medicare Act. *Rather, we see Ancillary's claim as a claim for reimbursement,* and in *Homewood [Professional Care Center Ltd. v. Heckler,]* 764 F.2d [1242,] 1249 [(7th Cir.1975)] we found that such a claim arose under the Medicare Act.... We see no meaningful distinction between Homewood's claim that the defendants wrongfully withheld funds, and Ancillary's claim that the Secretary failed to issue a notice required by her regulations. Both claims seek to recover funds under the Act; both claims involve alleged due process violations.

*Id.* at 1071 (emphasis added). SunRise wants this Court to characterize its claim as an improper application of the statute by the Secretary in her termination decision. This is, of course, little different from the tack taken in *Ancillary,* where the issue was framed as one which only sought to challenge the Secretary's determination to withhold funds. No matter how it is framed or characterized, the claims raised by SunRise "arise under" the Act, and seek the continuation of benefits under the Act.

In *Ringer,* the Court held that the claims brought by the respondents were "inextricably intertwined" with the claims for benefits. 466 U.S. at 614, 104 S.Ct. 2013. The *Ringer* Court was not persuaded by the respondents' argument that the claim only sought declaratory or injunctive relief, and "not an actual award of benefits as well." *Id.* at 615, 104 S.Ct. 2013. The Court stated: "Following the declaration

which respondents seek from the Secretary—that BCBR surgery is a covered service—only essentially ministerial details will remain before respondents would receive reimbursement." *Id.* at 616, 104 S.Ct. 2013.

Here, the claim made by SunRise is that the Secretary improperly determined that the plaintiff had failed to comply with the regulations and requirements for participation, and as a result of that incorrect determination, has terminated SunRise from further participation and, thereby, from receipt of further payments under the Medicare Act. As the Seventh Circuit noted in *Illinois Council on Long Term Care, Inc., v. Shalala,* 143 F.3d 1072, 1074 (7th Cir.1998), *"Weinberger v. Salfi* holds that a claim is subject to the review-channeling provision in § 405(h) when the end in view is receipt of federal payments."

Although the plaintiff has couched this as a purely procedural issue, it is clear that the "end in view" of the complaint is that the plaintiff wishes to continue to receive federal Medicare payments. Whether a reimbursement or continued receipt of payments claim, the Court simply cannot find that the "authority" or procedure issues are wholly separate from or collateral to the plaintiff's desire to continue its receipt of federal payments under the Medicare Act. Notably, this lawsuit was commenced only days before the benefits were scheduled to expire. This Court simply cannot divorce the claims raised by SunRise from its ultimate goal of the continued receipt of funds, and finds that the authority and procedural challenges raised here are "inextricably intertwined" with the claim for funds under the Act.

This Court recognizes that other courts have elected to find that authority issues do not raise benefits exhaustion requirements, but in light of the precedent set by the Supreme Court and this Circuit, it is the finding of this Court that plaintiff's claim is one which "arises under" the Medicare Act because plaintiff seeks federal benefits in the form of continued payments under the Act. This is a benefits case, albeit disguised as a procedural or authority claim, which makes it subject to the administrative process. *Illinois Council on Long Term Care,* 143 F.3d at 1077. Therefore, the Court finds that the issues presented in this complaint are not "entirely collateral" to the substantive claim of entitlement to payments under the Medicare Act, and, as a result, this Court is without jurisdiction over this action because plaintiff has not exhausted its administrative remedies.

Although the Court is cognizant of the effect and potential inconvenience that this decision may have on some of the current residents of SunRise, nevertheless, because the Court has found that it is without jurisdiction to consider the merits of this action it cannot grant plaintiff the relief it seeks.

Accordingly, the Court **GRANTS** the defendant's motion to dismiss for want of jurisdiction. This matter is **DISMISSED** without prejudice to refiling once plaintiff has exhausted its administrative remedies under the provisions of 42 U.S.C. § 405. Plaintiff's motion for summary judgment is **DENIED AS MOOT.**

**IT IS SO ORDERED.**