**Walter P. SPEARMAN, Jr.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

No. 02–2278.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 4, 2003.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**514**

Walter P. Spearman, Jr., Edwardsville, IL, pro se.

Alfred Sanchez, Social Security Administration, Diane M. Potts, Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

### ORDER

Walter Spearman receives disability benefits from the Social Security Administration, but not as much as he would like. He appeals the district court's dismissal of his latest attempt to increase his benefits, a complaint alleging that the SSA and various state and federal judges violated his constitutional and civil rights by denying his earlier attempts to get more benefits. The court dismissed Spearman's complaint as frivolous and we affirm.

Spearman first filed for disability benefits after reporting pain in his chest and back following two accidents at work. The SSA denied his first application but, after he filed two subsequent applications, granted his third and awarded him benefits. However, Spearman was not content with either the amount of benefits he was awarded or the onset date chosen by the SSA, which was September 1992 rather than January 1989, the date Spearman was first injured at work. He protested his award by filing numerous appeals within the SSA as well as civil actions in the district court. In one appeal Spearman succeeded in moving the onset date back to 1989, but in this appeal he still protests the amount of benefits awarded.

Disappointed that his appeals had met only limited success, Spearman filed this suit. Although his complaint is confusing, in it he appears to allege that the SSA and numerous federal and state judges ignored unspecified evidence of his disability. As a result, Spearman asserts that the defendants have denied him "equal protection of the law" under the first, fifth and fourteenth amendments as well as various civil rights statutes. At the time he filed his complaint he also filed a motion to proceed *in forma pauperis. See* 28 U.S.C. § 1915(a)(1). The district court denied the motion, dismissed Spearman's suit as frivolous, and entered judgment against him because (1) judicial immunity barred his claims against the judges, and (2) *res judicata* barred his claims against the SSA because those claims had already been re-

solved in his previous appeals. Spearman filed a motion for reconsideration under Rule 59(e), but the court denied it.

■ On appeal Spearman argues only generally that the district court wrongly dismissed his claims against the judges. Without elaboration, he reiterates his bald claim accusing the judges of somehow "ignoring" evidence of his disability. He does not, however, suggest why the district court erred in concluding that judicial immunity barred those claims. It is a fundamental principle that judges are absolutely immune from damages for their judicial conduct. *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir.2001), *cert. denied*, 535 U.S. 971, 122 S.Ct. 1439, 152 L.Ed.2d 383 (2002). Indeed, judicial immunity discourages disgruntled litigants from filing collateral attacks of the very type Spearman has brought. *Id.* at 434–35. Spearman's claims against the judges were properly dismissed.

■ Next, Spearman argues that the district court should not have dismissed his claim against the SSA on the basis of *res judicata* because "this affirmative defense has been waived because of the Appellant's filing another reconsideration application with the Social Security Administration." Although difficult to understand, Spearman appears to argue that *res judicata* does not apply because a claim pending before the SSA resembles that which he brought against the SSA in this suit. We need not decide this issue, however, because dismissal is supported by another reason: failure to exhaust. Apparently Spearman has not yet received a final decision in response to his April 2003 request to the SSA that it reconsider its initial determination of his benefits. Parties with claims pending before the SSA must exhaust their administrative appeals before filing suit in federal court. *See* 42 U.S.C.

§ 405(g); *Mathews v. Eldridge*, 424 U.S. 319, 327, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Ancillary Affiliated Health Servs., Inc. v. Shalala*, 165 F.3d 1069, 1070 (7th Cir.1998). Because Spearman admits that his claim here against the SSA is also the subject of a separate motion for reconsideration pending before the SSA, his federal suit against the SSA is premature and was properly dismissed (although for a reason other than the one relied upon by the district court). *See* 20 C.F.R. §§ 404.981, 416.1481; *Schoenfeld v. Apfel*, 237 F.3d 788, 792 n. 1 (7th Cir.2001); *see also Ortloff v. United States*, 335 F.3d 652, 661 (7th Cir.2003) (we may affirm judgment on any basis supported by the record).

Accordingly, we AFFIRM the judgment of the district court.